PER CURIAM:
The district court imposed a blanket supervised release condition that bars Defendant James Allen Caravayo — who was originally convicted of possessing child pornography — from dating any adult with minor children. Caravayo challenges the dating restriction, arguing that it violates 18 U.S.C. § 3583(d) and his First Amendment right of free association. Because the dating restriction was not supported by a factual finding or otherwise clearly substantiated by the record, we VACATE the sentence and REMAND for resentenc-ing.
*272 I.
In November 2005, Caravayo pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252. The district court sentenced him to 96 months’ imprisonment followed by 10 years of supervised release, subject to several supervised release conditions. Caravayo appealed his sentence, and we dismissed the appeal as frivolous. See United States v. Caravayo, 257 Fed.Appx. 804 (5th Cir.2007).
Caravayo served out his prison term, and the supervised release period commenced in November 2012. In May 2014, the government filed a motion to revoke Caravayo’s supervised release, alleging several violations of Caravayo’s release conditions. At the revocation hearing, the government abandoned all of the alleged violations except for a Texas misdemeanor conviction for Failure to Identify, to which Caravayo admitted. Based on that admitted violation, the district court revoked Caravayo’s supervised release, sentenced him to 90 days’ imprisonment, and reimposed the balance of his original supervised release term, subject to the same conditions.
At issue here is Special Condition Six, which prohibits Caravayo from “dat[ing any] women/men who have children under the age of eighteen.” At the revocation hearing, Caravayo’s counsel objected to Special Condition Six on the ground that it violated Caravayo’s First Amendment right of free association. Caravayo argued that other more narrowly tailored conditions could achieve the same goal, including one of his already applicable conditions prohibiting unsupervised contact with minors. Without ruling on his objection, the district court re-imposed all of the original supervised release conditions, including Special Condition Six. Caravayo appeals and argues that Special Condition Six fails to meet the criteria imposed by 18 U.S.C. § 3585(d) for special conditions and violates his First Amendment right of free association.
II.
We review a preserved challenge to a special condition of supervised release for abuse of discretion. United States v. Fernandez, 776 F.3d 344, 345 (5th Cir.2015). Caravayo clearly objected to Special Condition Six on First Amendment grounds at his revocation hearing and thus preserved that challenge. See United States v. Bird, 124 F.3d 667, 684 (5th Cir.1997) (reviewing for abuse of discretion a First Amendment challenge to a special condition of supervised release when the defendant objected to the condition based on the First Amendment and argued that the condition was not narrowly tailored and was duplicative, but did not mention the statutory requirements of § 3583). Caravayo’s objection was more than a “[v]ague reference[ ] to the First Amendment,” as the dissenting opinion suggests; rather, it referenced the criteria on which his First Amendment challenge must now be judged:
[Special Condition Six] is in violation of the First Amendment, Your Honor, frankly a freedom of association. There are much more narrowly-tailored possibilities, which are actually included, which are him not having contact with minors and/or not having contact with minors without the predetermination of his probation, but a blanket prohibition of him dating anyone, because they have a minor, frankly, Your Honor, I’ve never seen this condition before and so I note that and flag that with an objection to that.
However, because Caravayo did not object to the condition on the basis of § 3583(d), *273 we review Caravayo’s statutory challenge for plain error.[1]
III.
A.
As is our practice, we turn first to the statutory challenge. Caravayo’s statutory challenge asserts that Special Condition Six does not satisfy § 3583(d) because the condition is not “reasonably related” to § 3553’s factors and is a greater deprivation of liberty than is reasonably necessary to achieve the three statutory goals of § 3583(d)(2). Section 3583(d)(1) requires that a condition of supervised release be “reasonably related to the factors set forth in [18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D)],” which are:
(1) “the nature and circumstances of the offense and the history and characteristics of the defendant,” (2) the need “to afford adequate deterrence to criminal conduct,” (3) the need “to protect the public from further crimes of the defendant,” and (4) the need “to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner.”
United States v. Paul, 274 F.3d 155, 165 (5th Cir.2001) (alteration in original) (quoting 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D)). A special condition must also “involve[ ] no greater deprivation of liberty than is reasonably necessary” to achieve the latter three statutory goals of § 3553(a)(2).[2] Id.; see § 3583(d)(2).[3]
Because Caravayo’s statutory challenge is subject to plain error review, he must show that the district court erred, that the error was plain, and that the plain error affected his substantial rights. See Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Even if these conditions are met, our discretion to correct the error “ought to be exercised only if the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.” Id. (internal quotation marks and citation omitted). For the reasons discussed below, the imposition of Special Condition Six was error. However, Caravayo’s statutory challenge cannot succeed on plain error review because he fails to argue that the alleged error affected the fairness, integrity, or public reputation of judicial proceedings. “We have ... refused to correct plain errors when, as here, the complaining party makes no showing as to the fourth prong.” United States v. Rivera, *274 784 F.3d 1012, 1018 n. 3 (5th Cir.2015); see United States v. Andaverde-Tinoco, 741 F.3d 509, 523 (5th Cir.2013) (“[T]he burden is on the defendant to demonstrate that the error affects the fairness, integrity, or public reputation of judicial proceedings.”), cert. denied, — U.S. -, 134 S.Ct. 1912, 188 L.Ed.2d 938 (2014). Because Cara-vayo’s statutory challenge to Special Condition Six fails, we turn to his First Amendment challenge.
B.
We review Caravayo’s First Amendment challenge to Special Condition Six for abuse of discretion. United States v. Salazar, 743 F.3d 445, 448 (5th Cir.2014). “A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence.” United States v. McKnight, 570 F.3d 641, 645 (5th Cir.2009) (internal alterations and quotation marks omitted).
“It is axiomatic that the infringement of constitutional liberties occurs concomitantly with conviction of a crime, and many conditions of supervised release therefore permissibly infringe liberty interests.” United States v. Woods, 547 F.3d 515, 519 (5th Cir.2008). As such, a condition “is not necessarily invalidated merely because it impairs a [supervisee’s] enjoyment of constitutional rights.” United States v. Stafford, 983 F.2d 25, 28 (5th Cir.1993). All discretionary conditions of supervised release, however, must conform to the requirements in § 3583(d). See id.; United States v. Fields, 111 F.3d 799, 802-03 (5th Cir.2015).
A special condition of supervised release like the one challenged by Caravayo must comply with § 3583(d) to survive a First Amendment challenge. See United States v. Paul, 274 F.3d 155, 169 (5th Cir.2001) (affirming that “supervised release conditions restricting ... First Amendment freedoms are permissible if the statutory tailoring requirements are satisfied” and holding the requirements of § 3583(d) satisfied); United States v. Bird, 124 F.3d 667, 684 (5th Cir.1997) (rejecting a First Amendment challenge to a special condition because the “district court was within its authority conferred by 18 U.S.C. § 3583(d)”). Because Special Condition Six does not comply with § 3583(d) for the reasons discussed below, we hold that Special Condition Six violates Caravayo’s First Amendment right of association and, accordingly, we vacate Caravayo’s sentence and remand for resentencing.
Under § 3583(d), a discretionary condition must be “reasonably related” to one of the four factors under § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the deterrence of criminal conduct; (3) the protection of the public from further crimes of the defendant; and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant. United States v. Weatherton, 567 F.3d 149, 153 (5th Cir.2009) (citing § 3553(a)(1), (a)(2)(B)-(D)). The condition must also impose no greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from the defendant, or advance the defendant’s correctional needs. Id.
Caravayo correctly contends that the First Amendment protects an individual’s right “to enter into and maintain certain intimate human relationships ... against undue intrusion by the State.” Louisiana Debating & Literary Ass’n v. City of New Orleans, 42 F.3d 1483, 1493 (5th Cir.1995) (quoting Roberts v. U.S. Jaycees, 468 U.S. 609, 617-18, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)). Caravayo *275 argues that Special Condition Six is not reasonably related to the § 3553(a) factors because the district court did not provide any “specific facts [or] evidence” justifying the condition in light of the factors. Special Condition Six is a greater-than-necessary deprivation of his First Amendment liberty, Caravayo argues, because the condition is an absolute restriction on whom he may date that does not allow exceptions with the permission of his probation officer and because his supervised release terms already contain a restriction prohibiting any unsupervised contact with minors.' '
Because the district court made no specific factual findings to establish that Special Condition Six was reasonably related to one of the four factors under § 3553(a), and because the record does not clearly substantiate such a relationship, the district court abused its discretion. A district court must “set forth factual findings to justify special probation conditions” in terms of the § 3553(a) factors. Salazar, 743 F.3d at 451 (citation omitted) (vacating a special condition of supervised release); accord United States v. Prieto, 801 F.3d 547, 550 (5th Cir.2015). In the absence of a factual finding, a court of appeals may nevertheless affirm a special condition “where the [district] court’s reasoning can be inferred after an examination of the record.” Salazar, 743 F.3d at 451. On the other hand, “[w]here the district court’s rationale” in imposing the special condition “is unclear” even after a review of the record, the special condition must be vacated as an abuse of discretion. Id.
Special Condition Six is not clearly related to the § 3553(a) factors under this record. Caravayo’s offense conduct is reprehensible, but unlike the defendants in other cases in which we have upheld similar dating restrictions, Caravayo does not have a history of inappropriate contact with minors or of using relationships with adults to reach children. See United States v. Pennington, 606 Fed.Appx. 216, 219 (5th Cir.) (unpublished) (defendant had previously abused the child of a woman he was dating), cert. denied, — U.S. -, 136 S.Ct. 166, 193 L.Ed.2d 122 (2015); United States v. Ellis, 720 F.3d 220, 224 (5th Cir.2013) (record included evidence of defendant’s prior child molestation and “proclivity to use close relationships to reach children”); United States v. Esler, 531 Fed.Appx. 502, 504, 506 (5th Cir.2013) (unpublished) (defendant in child pornography receipt case had interacted with his child victim, requesting nude photographs). In all three cases, “the [district] court’s reasoning” in imposing a dating restriction “c[ould] be inferred after an examination of the record.” Salazar, 743 F.3d at 451. The absence of similar evidence here does not mean that a dating restriction is per se unwarranted. But it does mean that, unlike in Pennington, Ellis, and Esler, “the district court’s rationale” in imposing the dating restriction “is unclear” after a review of the record. Salazar, 743 F.3d at 451.
In addition, neither the district court’s factual findings nor the record itself makes clear that Special Condition Six is no greater a deprivation of liberty than reasonably necessary to achieve the statutory sentencing goals. § 3583(d)(2). Special Condition Six, unlike the dating restrictions we upheld in each of the three cases noted above, does not allow for exceptions with the permission of a probation officer.[4] *276 The possibility of a less restrictive alternative is not necessarily fatal to a blanket special condition, but the reasonable necessity of such a broad condition must be either supported by a factual finding or otherwise evident from the record. See Paul, 274 F.3d at 171 (upholding restriction that did not allow exceptions with permission of a probation officer because, “[w]hile the district court made no explicit finding” that such a broad condition was reasonably necessary, there was “ample evidence in the record supporting” the condition’s necessity). Here, there is neither a district court factual finding nor clear evidence in the record as to why an unconditional dating restriction was reasonably necessary or as to why a restriction allowing for exceptions with the permission of a probation officer — akin to the dating restrictions we have previously upheld — would be inadequate. Moreover, the record does not contain any discussion or finding regarding the reasonable necessity of the dating restriction in light of Caravayo’s separate and unchallenged prohibition on unsupervised contact with minors.
We recognize that “Congress has made clear that children ... are members of the public it seeks to protect by permitting a district court to impose appropriate conditions on terms of supervised release.” United States v. Rodriguez, 558 F.3d 408, 417 (5th Cir.2009). Although bound by the statutory requirements in §§ 3553(a) and 3583(d), district courts have “wide discretion in imposing terms and conditions of supervised release.” Paul, 274 F.3d at 164; see also § 3583(d) (“The court may order ... any other condition it considers to be appropriate.... ”). District courts are free to craft special conditions, including a condition like Special Condition Six, according to the facts of the case before them and the limits of § 3583(d).
But special conditions must be tailored to the individual defendant and may not be based on boilerplate conditions imposed as a matter of course in a particular district.[5] See United States v. Duke, 788 F.3d 392, 403 (5th Cir.2015) (vacating special condition that banned all contact with minors in perpetuity where “the record d[id] not support imposing such a sweeping ban for such an extended duration of time”). Where a timely objection is made to a special condition and the record does not clearly contain any discussion, factual finding, or other support for that special condition, we must vacate and remand for resentencing. See Salazar, 743 F.3d at 451; Woods, 547 F.3d at 519-20. Nothing in this opinion is intended to bar the district court from considering the imposition of any special condition at resentencing.
IV.
For the foregoing reasons, we VACATE the sentence and REMAND for resentenc-ing not inconsistent with this opinion.

.While Caravayo’s statutory and constitutional challenges turn on largely the same considerations, his sufficient First Amendment objection to Special Condition Six was nevertheless insufficient to notify the district court of a § 3583(d) challenge "so that the district court [could] correct itself and ... obviate the need for our review.” United States v. Gutierrez, 635 F.3d 148, 152 (5th Cir.2011). The dissenting opinion posits that Caravayo’s failure at the revocation hearing to cite § 3583(d) renders his First Amendment challenge unpreserved as well. But we have never required a defendant to cite § 3583(d) to preserve a First Amendment challenge, and there is no reason to impose such a requirement.

. A condition must also be "consistent with any pertinent policy statements issued by the [U.S.] Sentencing Commission," 18 U.S.C. § 3583(d)(3), but Caravayo does not challenge Special Condition Six on this ground.

. These twin statutory requirements substantially track the test we have applied to First Amendment challenges to special conditions of supervised release, discussed in greater detail below. See, e.g., United States v. Hilliker, 469 Fed.Appx. 386, 389 (5th Cir.2012) (unpublished) (rejecting First Amendment challenge to a supervised release condition because the condition was "reasonably related to affording adequate deterrence to criminal conduct and protecting the public from further crimes of the defendant”).

. Importantly, “the possibility of future judicial modification has no bearing on whether the district court abused its discretion today.” United States v. Duke, 788 F.3d 392, 401 (5th Cir.2015). Indeed, the possibility of future judicial modification is relevant only to a decision whether to correct plain error. See Unit *276 ed States v. Prieto, 801 F.3d 547, 554 (5th Cir.2015).

. At oral argument, Caravayo’s counsel noted the emergent practice in the Western District of Texas of including certain special conditions in the Pre-Sentence Report (PSR) as a matter of course, with the result that those conditions are often imposed by the court without factual findings as if they were standard conditions. Indeed, during oral argument in United States v. Hudson, No. 14-50004, 625 Fed.Appx. 686, 2015 WL 5306547 (5th Cir. Sept. 11, 2015) (unpublished), argued at the same session as this case, the government acknowledged "that is a policy we've adopted in the Western District of Texas.” A special condition should not automatically be imposed even if it is recommended in the PSR. Rather, district courts must "set forth factual findings to justify” each special condition. Salazar, 743 F.3d at 451.