# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10988
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALFREDO MAYORAL,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-46-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alfredo Mayoral challenges the supervised-release condition of his sentence imposed following his guilty-plea conviction for passing and uttering counterfeit currency, in violation of 18 U.S.C. §§ 472 and 2. He contends the condition's requiring him to provide his probation officer any requested financial information was inadequately justified by the court; is plainly unreasonable; and violates his constitutional-liberty interests.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10988

Mayoral may have waived a challenge to the supervised-release condition by signing the form acknowledging the condition at issue and agreeing to be bound it; "[n]evertheless, out of an abundance of caution, we will review for plain error". *United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). Under that standard, Mayoral must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Generally, the court has broad discretion to impose special conditions of supervised release. *United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir. 2015). That discretion is limited by 18 U.S.C. § 3583(d)(1), which requires the conditions to be "reasonably related" to the relevant factors provided in 18 U.S.C. § 3553(a): the nature and circumstances of the offense and defendant's history and characteristics; affording adequate deterrence to criminal conduct; protecting the public from further crimes by defendant; and providing defendant with needed educational or vocational training, medical care, or other correctional treatment. *See United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015). The special condition must impose "no greater deprivation of liberty than is reasonably necessary" to serve the last three of the above § 3553(a) factors, and it must be consistent with any relevant policy statements in the Sentencing Guidelines. 18 U.S.C. § 3583(d)(2)–(3).

At sentencing, contrary to Mayoral's assertion, the court explained that his sentence satisfied the need to protect the public, impose a fair punishment for the offense, and deter Mayoral from future offenses of this type. *See* 18 U.S.C. § 3583(d). It referred to the nature of the offense and his relevant criminal history, which included other offenses of a financial-fraud nature.

2

No. 14-10988

These references support that the court considered the relevant § 3553(a) factors in imposing the sentence, and determined the financial-information condition appropriate. *See United States v. Sealed Juvenile*, 781 F.3d 747, 752 (5th Cir. 2015). Additionally, the Guidelines recommend a supervised-release condition requiring the defendant to provide access to any requested financial information if the court "imposes an order of . . . forfeiture", as it did here. U.S.S.G. § 5D1.3(d)(3) (p.s.).

Therefore, for plain-error purposes, Mayoral fails: to show the sentence was greater than necessary to achieve the goals of sentencing, protect the public, and deter such crimes in the future, *see* 18 U.S.C. § 3583(d); *Caravayo*, 809 F.3d at 275; and, failing to show clear or obvious error regarding the condition's meeting the tailoring requirements of § 3583(d), also fails to show such error concerning the condition's not violating his constitutional-liberty interests, *see Caravayo*, 809 F.3d at 274.

AFFIRMED.