# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50938
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY GALEN TOLBERT, also known as Timothy Tolbert,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-104-1

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Timothy Galen Tolbert was convicted of possession with the intent to distribute methamphetamine, aiding and abetting. After completing his 41-month prison sentence, Tolbert was released to serve a three-year term of supervised release. A motion to revoke his supervised release was filed months after release, alleging that he violated the conditions requiring that he abstain from drug use and that he not unlawfully possess a controlled substance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50938

Tolbert pleaded true to the allegations and was sentenced to nine months of imprisonment to be followed by 24 months of supervised release. He now appeals.

Tolbert challenges a special condition of supervised release imposed by the district court requiring him to participate in an inpatient drug treatment program called Lifetime Recoveries based in San Antonio. He challenges the substantive reasonableness of the special condition, arguing that it is not related to the relevant sentencing factors and that it places a greater deprivation on his liberty than necessary because he will receive drug treatment while incarcerated and because the treatment will hinder his efforts at finding employment and improving his health.

We review for plain error. *See United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014). Although the district court did not set forth findings to justify imposing this special condition, the court's reasoning can be inferred from an examination of the record. *See United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015). In light of Tolbert's underlying drug offense, his past problems with substance abuse, his drug-related criminal history, and his drug-related supervised release violations, the record shows that the condition mandating an inpatient drug treatment program is reasonably related to the nature and characteristics of Tolbert's offense as well as to his history and characteristics. *See* 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3583(d)(1); *see also United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir. 2015) (indicating that a special condition must be related to at least one of the relevant § 3553(a) factors). Given that during his first six months of supervised release, Tolbert repeatedly violated the conditions requiring that he abstain from drug use and possession, it is not clear or obvious that the condition is a greater deprivation

No. 17-50938

of liberty than necessary to achieve the goals of deterrence, public protection, and providing needed treatment. *See Caravayo*, 809 F.3d at 273; § 3583(d)(2).

The judgment of the district court is AFFIRMED.