# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50889
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JARRED LYNN BOONE, also known as Jarred Boone,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-71-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jarred Lynn Boone pleaded guilty to possession of child pornography and distribution of such material, in violation of 18 U.S.C. § 2252(a)(2), (4). He was sentenced to, *inter alia*, a within-Guidelines term of 300-months' imprisonment and 10 years' supervised release. In addition to the mandatory and standard conditions for supervised release, the district court imposed the following four special conditions: (1) participation in a sex offense-specific

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

treatment program with periodic polygraph testing to ensure his compliance with the requirements of the program and his overall supervision; (2) prohibition of direct contact with any child under the age of 18 without the probation officer's permission; (3) prohibition of viewing or possessing any visual depiction of sexually explicit conduct as defined in 18 U.S.C. § 2256; and (4) submission of his "person, property, house, residence, vehicle, papers, computers . . . , other electronic communications or data storage devices or media, or office" to a reasonable search conducted by a probation officer.

Boone contends these four special conditions must be vacated, claiming: the court failed to state the reasons supporting their imposition; and, those reasons were not apparent in the record. As he concedes, his challenge is reviewed only for plain error because he did not object to the special conditions in district court. *See United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). Under that standard, Boone must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

"A district court must set forth factual findings to justify special probation conditions in terms of the [18 U.S.C.] § 3553(a) [sentencing] factors." *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (internal quotation marks and citations omitted). Nevertheless, even in the absence of such findings, we may affirm a special condition if the court's reasons justifying the condition can be inferred from the record. *Id.* Because the court's reasons are apparent from our review of the record, there was no clear or obvious error in imposing the four special conditions.

No. 18-50889

In the alternative, Boone contends the third special condition should be vacated because the term "sexually explicit conduct" is too vague and overly broad. He has failed to show the requisite clear or obvious error in this regard because he has not cited to any binding precedent specifically supporting his challenge. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009). Moreover, our precedent regarding this issue reflects he cannot demonstrate clear or obvious error on this basis. *See United States v. Miller*, 665 F.3d 114, 136–37, 137 n.120 (5th Cir. 2011).

AFFIRMED.