# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2021

Lyle W. Cayce
Clerk

No. 18-11304
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARSHALL CURTIS LANE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CV-143
USDC No. 1:13-CR-84-3

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Pursuant to a certificate of appealability granted by this court, Marshall Curtis Lane, federal prisoner # 47535-177, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his 2014 drug

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conspiracy conviction and sentence, wherein he claimed, in pertinent part, that his trial counsel performed in a constitutionally deficient manner by failing to consult with him regarding an appeal.

Because Lane did not object to the magistrate judge's report and recommendation, our review is for plain error. *See United States v. Young*, 585 F.3d 199, 202 & n.10 (5th Cir. 2009). To prevail, Lane must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Lane has not shown reversible plain error in the district court's rejection of his ineffective assistance claim. *See id.* First, we are unpersuaded that there was a nonfrivolous issue for appeal with respect to the validity of the appeal waiver such that a rational defendant would have wanted to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000); *see also United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005).

Next, Lane has not shown clear or obvious error as to his claim that the district court applied an incorrect or more onerous standard in analyzing whether he had reasonably demonstrated to counsel his interest in appealing, particularly given that the court twice cited the correct standard. *See Flores-Ortega*, 528 U.S. at 480; *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). Finally, even if we assume without deciding that the district court clearly and obviously erred in determining that Lane's concerns about his sentencing did not reasonably demonstrate to counsel his interest in appealing, Lane has not shown that he satisfies the remaining prongs of plain error review or addressed the Government's proposed alternative grounds for affirming the judgment of the district court. *See United States v. Caravayo*,

No. 18-11304

809 F.3d 269, 273-74 (5th Cir. 2015); *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

AFFIRMED.