# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2021

Lyle W. Cayce
Clerk

No. 20-40687
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcus Ryan Howell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CR-17-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Marcus Ryan Howell was sentenced to a total of 151 months of imprisonment followed by 10 years of supervised release after pleading guilty to two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1), and one count of possession of child

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40687

pornography, in violation of § 2252A(a)(5)(B) and (b)(2).  The district court imposed special conditions of supervised release, including a requirement that Howell participate in a mental health treatment program, which he now challenges on appeal.  As Howell concedes, because he failed to avail himself of an opportunity to object to the challenged condition in the district court, plain-error review applies.  *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020).

"[C]ourts of appeals have consistently required district courts to set forth factual findings to justify special [supervised release] conditions." *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (internal quotation marks and citation omitted).  However, when factual findings are absent, we "may nevertheless affirm a special condition where the district court's reasoning can be inferred after an examination of the record." *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (internal quotation marks, brackets, and citation omitted).

The Sentencing Commission policy statement involving special conditions of supervised release recommends that a sentencing court impose a condition requiring a defendant to participate in a mental health treatment program "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment."  U.S.S.G. § 5D1.3(d)(5), p.s.  A district court commits plain error by imposing a mental-health special condition where there is an "absence of any record evidence indicating that [the defendant] has a questionable mental health history or a particular diagnosis requiring mental health treatment." *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016).  "Our precedent requires specific record facts demonstrating mental instability before a mental-health special condition may be imposed." *United States v. Bree*, 927 F.3d 856, 861 (5th Cir. 2019).

No. 20-40687

Howell argues that the district court plainly erred by imposing the mental-health special condition based only on his "self-reported history of depression (and treatment) and feelings of anxiety caused by his legal situation." His argument is unpersuasive and belied by the record. Unlike the cases upon which Howell relies, the record contains direct evidence that Howell has "a questionable mental health history or a particular diagnosis requiring mental health treatment." *Gordon*, 838 F.3d at 604. Howell has a history of mental health treatment for clinical depression. Of note, Howell was prescribed, and reported last taking, antidepressant medication eight years prior to sentencing. Further, not only did Howell report feelings of anxiety due to the charged offenses, he also started seeing a therapist while in federal custody, presumably, to manage and treat his reported anxiety. Additionally, the presentence report, to which Howell filed no objections, included his statement to the probation officer that, while he was not currently depressed, mental health treatment would be beneficial in the future if he is feeling depressed. Accordingly, while the district court did not explicitly explain its reasons for imposition of the mental-health special condition, the court's reasoning that Howell is in need of mental health treatment can be inferred after our examination of the record. *See Caravayo*, 809 F.3d at 275; *see also* § 5D1.3(d)(5), p.s. Because Howell cannot demonstrate that it was clear or obvious error for the district court to impose the mental-health special condition, the district court's judgment is AFFIRMED. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).