# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2021

Lyle W. Cayce
Clerk

No. 21-60208
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Taylor Hidalgo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-100-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

In 2019, Taylor Hidalgo pleaded guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He was sentenced to, *inter alia*, 19 months' imprisonment and five years' supervised release. The district court imposed special conditions of supervised release prohibiting, *inter alia*,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60208

Hidalgo from: possession or perusal of material that depicts or describes "sexually explicit conduct" or "child pornography"; possessing or using a computer or other internet connection device to access the internet (except with prior approval of probation officer in connection with authorized employment); and any unsupervised contact with children under the age of 18 (except unanticipated or incidental contact or in the presence of an approved adult). He did not appeal.

The Government moved to revoke Hildalgo's probation in January 2021, asserting he violated the above-described special conditions, as well as two mandatory conditions proscribing possessing a firearm and using a controlled substance. Hidalgo admitted violating the two mandatory conditions but contested violating the special conditions, asserting: he only possessed an iPhone and created Social Media accounts; the court did not consider the minor was a family member and his original offense was six years ago; and the alleged violation was a private act not involving or harming others. The district court revoked his probation and sentenced him to, *inter alia*, 14 months' imprisonment and eight years' supervised release. The special conditions in the judgment for his underlying conviction were reimposed.

Hidalgo contests the above-described three special conditions imposed at his original sentencing and reimposed upon revocation of his supervised release. He maintains revocation of supervised release cannot be based on these special conditions because they are unconstitutional as applied. Further, he challenges those special conditions' being reimposed.

Because Hidalgo did not object to these special conditions at the time of sentencing on his original conviction, our court can consider his challenge "only on an 'as applied' basis and only as they pertain to [our] review of his revocation proceeding". *United States v. Brigham*, 569 F.3d 220, 232 (5th

Cir. 2009) (citing *United States v. Locke*, 482 F.3d 764, 766–67 (5th Cir. 2007)). Revocation decisions are reviewed for abuse of discretion; legal or constitutional challenges, *de novo*. *Id.*

As noted in part, rulings on preserved challenges to conditions of supervised release are reviewed for abuse of discretion. *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). A party can preserve error by informing the court of the desired action or objecting to the court's action and stating the grounds for the objection. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020). Preservation of error does not "require an objecting party to use any particular language or even to wait until the court issues its ruling". *Id.* at 766. The core question for determining whether an error was preserved is "simply whether the claimed error was 'brought to the court's attention'". *Id.* (quoting FED. R. CRIM. P. 52 (b)).

As discussed *supra*, Hidalgo admitted for the revocation proceeding to violating two mandatory conditions of his supervised release, which he does not contest in this appeal. His admitted possession of a firearm, in violation of federal law, required the mandatory revocation of his supervised release, even without considering his violation of the three challenged special conditions. *See* 18 U.S.C. § 3583(g)(2); *United States v. Garner*, 969 F.3d 550, 551–52 (5th Cir. 2020) (explaining revocation mandatory when defendant "possesses a firearm in violation of federal law or a condition of supervised release"). Therefore, the decision to revoke Hidalgo's supervised release was mandatory and not an abuse of discretion. *See United States v. Jang*, 574 F.3d 263, 266 (5th Cir. 2009) (explaining evidence of mandatory-condition violation enough for revocation).

But, because Hidalgo's violation of these challenged special conditions influenced the sentence imposed on revocation, our court considers his "as applied" assertions. Special condition 11, prohibiting

No. 21-60208

Hidalgo's possessing material depicting sexually explicit conduct, was reasonably related to the history and circumstances of his underlying sex offense of sending pornographic images to a minor and did not involve a greater deprivation of liberty than is reasonably necessary to carry out the purposes of deterrence and public protection. *See* 18 U.S.C. § 3583(d)(1) (additional conditions of supervised release allowed when reasonably related to 18 U.S.C. § 3553 sentencing factors); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D) (sentencing factors include: deterrence; public protection; and, training, medical care, or treatment necessary for defendant); *United States v. Caravayo*, 809 F.3d 269, 273 (5th Cir. 2015) (explaining special condition must be "reasonably related to § 3553's factors" and not a "greater deprivation of liberty than is reasonably necessary to achieve the three statutory goals of § 3583(d)(2)"). This condition is not unconstitutional as applied to Hidalgo. *See United States v. Abbate*, 970 F.3d 601, 603–06 (5th Cir. 2020) (explaining restricting possession of material depicting sexually explicit conduct reasonable when defendant's crime is "sexual in nature"); *see also United States v. Phipps*, 319 F.3d 177, 181, 192–93 (5th Cir. 2003) (on plain-error review, explaining supervised-release condition prohibiting possession of sexually oriented or stimulating materials did not violate due process).

Regarding challenged special condition four, a ban on internet use must be "narrowly tailored either by scope or by duration". *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015). This special condition, limiting Hidalgo's access to the internet, was conditional, allowing him to seek approval from the probation officer for employment purposes. The condition was also for a limited duration of five years and was reasonably related to his original offense leading to his sex-offender status (sending pornographic images and videos to 14-year-old-girl). This condition is, therefore, not unconstitutional as applied to Hidalgo. *See United States v. Paul*, 274 F.3d

155, 167–70 (5th Cir. 2001) (holding three-year ban on computers and internet connection devices reasonable in relation to defendant's child pornography offense); *Locke*, 482 F.3d at 768 (explaining internet prohibition discourages recidivism and protects public).

The final challenged special condition, number nine, barring Hidalgo from unsupervised contact with children under 18 years old, is not unconstitutional as applied to Hidalgo in the light of his underlying sex offense of sending pornographic material to a minor.  *See Paul*, 274 F.3d at 165–67 (affirming prohibition against direct and indirect contact with minors in child-pornography possession action); *United States v. Fields*, 777 F.3d 799, 801–07 (5th Cir. 2015) (affirming condition limiting defendant's contact with minors after repeated convictions for failing to register as sex offender).

In addition, Hidalgo maintains the reimposition of these three special conditions on revocation was unreasonable.  His objections for the revocation proceeding about these special conditions imposed on original sentencing were sufficient to bring to the district court's attention the issue of reimposing such conditions.

For the revocation proceeding, the court considered the § 3553(a) framework in ordering these special conditions to determine what was necessary.  *See Caravayo*, 809 F.3d at 273 ("A special condition must also 'involve no greater deprivation of liberty than is reasonably necessary' to achieve the latter three statutory goals of § 3553(a)(2)." (citation omitted)).  The court considered the nature and circumstances of the original offense, Hidalgo's history and characteristics, protection of the public, deterrence, and any needed treatment or education, before reimposing the three special conditions ordered by the original sentencing court.  Therefore, there was no abuse of discretion in reimposing these special conditions.

AFFIRMED.