# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2022

Lyle W. Cayce
Clerk

No. 22-60005

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Stabler,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-130-1

Before Stewart, Willett, and Oldham, *Circuit Judges*.
Per Curiam:*

Justin Stabler pleaded guilty to possession of a firearm by a felon in violation of Title 18 U.S.C. § 922(g)(1). The district court sentenced Stabler to the statutory maximum of 120 months' imprisonment followed by a 3-year term of supervised release. Stabler challenges the length of his sentence and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60005

two of his special conditions of supervised release. We affirm the judgment of the district court.

## I. Facts & Procedural History

Police officers responded to a call stating that a man in a black and white jacket and blue shorts was walking in the street brandishing a weapon. The officers approached the scene and saw a man matching that profile. Officers demanded that the man drop the weapon and get on the ground. The man complied dropping a loaded 45/.410 caliber revolver. Officers identified and confirmed that the man was Stabler, a convicted felon on parole. As a result, Stabler was arrested and charged under § 922(g)(1) for being a felon in possession of a firearm. He pleaded guilty to the offense, pursuant to a plea agreement.

The U.S. Probation Office compiled a Presentence Report ("PSR") detailing Stabler's criminal history. The PSR calculated Stabler's offense level to be 13, taking into consideration that the weapon was stolen and that Stabler accepted responsibility for his actions. Stabler's total offense level considered alongside his criminal history score of VI resulted in an advisory Guidelines range of 33 to 41 months of imprisonment. The Government recommended, in accordance with the plea agreement, that Stabler be sentenced within the lower half of the Guidelines range.

However, the district court sentenced Stabler to 90 months' imprisonment and three years of supervised release. The district court noted that Stabler received suspended sentences for his prior convictions and "never really served any significant time for all those violations that have come up in his lengthy criminal past." The district court also revealed that the probation officer recommended a 120-month sentence in the sealed sentencing recommendation and stated that, while it did not impose this

sentence, it thought "that 120-months could have been a legitimate and appropriate sentence for [Stabler's] prior conduct."

The district court imposed seven special conditions of release, including that Stabler (1) "shall refrain from consuming alcohol while under supervision of the probation office" and (2) must "submit his person, his house, his residence, his vehicle, his papers, electronic communication devices, or office to a search conducted by a United States Probation Officer." The court limited the search condition stating that "[a]n officer may conduct a search . . . only when reasonable suspicion exists that [Stabler] had violated a condition of his supervision and that the areas to be searched contain evidence of the violation. Any search must be conducted at a reasonable time and in a reasonable manner."

Stabler objected to the above-the-Guidelines sentence, the alcohol, and the electronics-search conditions. He argued that he only had "one arrest when he was 18 years old in 2004 for a DUI refusal" and that there was "no evidence presented to the court that he has any kind of alcohol issues." The district court responded that it was going to leave that condition in place as he did not "quite understand why he was walking down the street with a loaded gun." As to the electronics-search condition, Stabler argued that such a condition "is typically associated with sex offenders as a special condition," but there was no evidence that Mr. Stabler ever used electronic devices "for that purpose or for any other reason such as drug use." The district court stated it was going to keep that provision in place as well since Stabler had escaped or absconded in "at least two places in his criminal record."

Stabler appealed to this court challenging, *inter alia*, whether the confidential sentencing recommendation of the United States Probation Office contained additional factual matters that were not part of the PSR. The Government filed an unopposed motion seeking to vacate Stabler's sentence

and remand for resentencing, and we granted the motion. On remand, the PSR was revised to reflect that after pleading guilty, Stabler engaged in additional criminal behavior while he was incarcerated including numerous minor infractions and offenses such as "destruction of government property, failure to obey commands, refusing to work, assault on fellow inmates, possession of contraband, possession of a weapon, lewd sexual behavior, and making sexual advances towards a staff member." Accordingly, Stabler's PSR was revised to reflect an increased offense level of 16. That combined with his criminal history score produced a new advisory Guidelines range of 46 to 57 months of imprisonment. The district court adopted the PSR and the new supplemental PSR addendum in full.

At resentencing, Stabler was sentenced to 120 months in prison, which is the statutory maximum term of imprisonment.[1] The district court found that an above-the-Guidelines sentence was appropriate "due to the nature and characteristics of the defendant, to promote respect for the law, and to protect the public from future crimes of the defendant." The court emphasized that Stabler was on parole for four separate crimes at the time of the offense, and that "nearly every time [Stabler] [had] been paroled, he [had] absconded or committed new crimes or had that parole revoked." The court also noted that the crimes included multiple offenses against the property of others. The district court concluded that it was "apparent [Stabler had] no respect for the law and no respect for others in the

---

[1] At both the sentencing and resentencing, although Stabler denied membership in a gang, the district court heard testimony and determined that Stabler was a member and, therefore, was untruthful to probation. Despite this determination, the district court stated that it would have sentenced Stabler to the same 120-month sentence "regardless of its finding as to this matter of gang membership."

community" and that Stabler's record was an "abomination" that "cries out for such a sentence."

Along with the 120 months' imprisonment, Stabler was again sentenced to a 3-year term of supervised release, including the aforementioned electronics-search and alcohol special conditions. Stabler objected on the same grounds as before, and the district court overruled the objections. Stabler timely appealed.

## II. Discussion

Stabler argues (1) that his 120-month above-the-Guidelines sentence is substantively unreasonable given that the advisory Guidelines range was 46 to 57 months; and (2) that the district court abused its discretion when it imposed the electronics-search and alcohol special conditions of supervised release. We address each argument in turn.

### A. Sentencing Decision

We review a district court's sentencing decision for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). First, we ensure that the district court did not commit a "significant procedural error." *Id.* at 51. If the district court's decision is procedurally sound, we "consider the substantive reasonableness of the sentence imposed under an [abuse of discretion] standard." *Id.*

Stabler does not argue that the district court made a procedural error, nor could he. The district court correctly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, allowed both parties to present arguments, and made an "individualized assessment based on the facts presented." *Id.* at 50. Accordingly, the central issue is whether Stabler's sentence was substantively unreasonable, or in other words, whether the district court

No. 22-60005

abused its discretion in determining that the § 3553(a) factors justified a substantial deviation from the Guidelines range.

Stabler argues that his sentence is substantively unreasonable because the district court erroneously balanced the sentencing factors. Primarily, Stabler emphasizes that most of his prior crimes do not involve violence against others.[2] We disagree.

When reviewing the substantive reasonableness of a sentence, we look at the totality of the circumstances. *United States v. Churchwell*, 807 F.3d 107, 123 (5th Cir. 2015). We "may not apply a presumption of unreasonableness" where, as is the case here, the sentence is outside the Guidelines range. *Gall*, 552 U.S. at 51. Instead, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* That this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.* In this circuit, "[a] non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (citing *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)).

---

[2] Stabler also contends that the district court erred in considering his prior convictions as a basis to deviate from the advisory Guidelines range because the convictions were already accounted for in the offense level calculation. However, this court has already rejected this same argument in *Smith*, holding that "[a] defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline[s] sentence." *Smith*, 440 F.3d at 709 (citing *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)).

No. 22-60005

Here, even if many of Stabler's past convictions do not involve violence against others, Stabler's extensive criminal history supports the conclusion that the maximum sentence would promote respect for the law. The district court gave specific attention to the fact that Stabler was on parole for four separate convictions when he committed the instant offense; nearly every time Stabler was on parole he absconded or committed a new crime; and he had not yet served any significant time for his previous convictions. The district court acknowledged that the sentence was above the Guidelines but determined that such a deviation was necessary here particularly because it was apparent that Stabler had "no respect for the law and no respect for others in the community."

The district court further determined that the maximum sentence was appropriate due to the nature and characteristics of the defendant and to protect the public from future crimes. We agree. Many of Stabler's convictions were against the property of others, and the district court reasonably assigned great weight to the fact that even after the initial sentencing, Stabler committed numerous criminal acts that spanned nearly the entire time he was imprisoned. While the 120-month sentence significantly deviated from the advisory range, the district court provided a reasoned basis for imposing the maximum sentence. Indeed, "[e]ven a significant variance from the Guidelines does not constitute an abuse of discretion if it is 'commensurate with the individualized, case-specific reasons provided by the district court.'" *Diehl*, 775 F.3d at 724 (citation and quotation omitted). For these reasons, we conclude that Stabler's sentence was substantively reasonable.

### B. Conditions of Supervised Release

We next address Stabler's arguments regarding his special conditions of supervised release. Though "[a] district court has wide discretion in

imposing terms and conditions of supervised release," it is subject to the limitations set forth in 18 U.S.C. § 3583(d). *United States v. Vigil*, 989 F.3d 406, 409 (5th Cir. 2021) (per curiam) (quoting *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001)). First, under § 3583(d), the condition must be "reasonably related" to at least one of the following factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "afford[ing] adequate deterrence to criminal conduct"; (3) "protect[ing] the public from further crimes of the defendant"; and (4) "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(1), (a)(2)(B)–(D); § 3583(d)(1); *see Vigil*, 989 F.3d at 409.

Second, "the condition must be narrowly tailored such that it does not involve a 'greater deprivation of liberty than is reasonably necessary' to fulfill the purposes set forth in § 3553(a)." *United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016) (quoting *United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015) (per curiam)); *see* § 3583(d)(2). Lastly, the condition must "be 'consistent with any pertinent policy statements issued by the Sentencing Commission.'" *Vigil*, 989 F.3d at 409 (quoting § 3583(d)(3)).

The district court must also provide factual findings justifying the conditions. *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). In the absence of such a justification by the district court, "a court of appeals may nevertheless affirm a special condition 'where the [district] court's reasoning can be inferred after an examination of the record.'" *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (per curiam) (alteration in original) (quoting *Salazar*, 743 F.3d at 451). "On the other hand, '[w]here the district court's rationale' in imposing the special condition 'is unclear' even after a review of the record, the special condition must be vacated . . ."

No. 22-60005

*Id*. at 272 (quoting *Salazar*, 743 F.3d at 451). Because Stabler objected to the conditions before the district court, we review for abuse of discretion. *Id*.

### i. Electronics-search

Stabler argues that the electronics-search condition does not meet the requirements of 18 U.S.C. § 3583(d). We disagree. Although the district court did not explain why it imposed the condition at the resentencing, at the initial sentencing it explained that Stabler had a lengthy criminal history which included multiple occasions of abscondment or escape. We can, therefore, reasonably infer that Stabler's criminal history and characteristics were a basis for the electronics-search condition. This court has previously held that criminal history can justify imposing electronics-search conditions. *See United States v. Hathorn*, 920 F.3d 982, 987 (5th Cir. 2019) (holding electronics-search condition was "reasonably related" to conviction, history of drug use, and need to deter crime and protect the public); *United States v. Balla*, 769 F. App'x 127, 128–29 (5th Cir. 2019) (unpublished) (affirming electronics-search condition for defendant convicted of being a felon in possession of a firearm and ammunition because defendant's criminal history implicated the sentencing goal of deterring future crime and protecting the public). The instant condition is likewise reasonably related to the necessary § 3553(a) factors.

The electronics-search condition is also narrowly tailored. In *United States v. Dean*, 940 F.3d 888 (5th Cir. 2019) we upheld, on plain-error review, a virtually identical condition against a defendant that was also convicted of being a felon in possession of a firearm and had the same criminal history score of VI. *Dean* included a special condition which required the defendant submit his electronic communications to a search upon reasonable suspicion and required probation officers to conduct the search "at a reasonable time and in a reasonable manner." *Dean*, 940 F. 3d at 890. We held that, given the

No. 22-60005

defendant's criminal history, the special condition was narrowly tailored because "the condition further requires that the probation officer must reasonably suspect that the areas to be searched contain evidence of the violation." While *Dean* was reviewed for plain error rather than abuse of discretion, we find it persuasive. We, thus, hold that in this case the limited electronics-search condition does not involve a greater deprivation of liberty than is reasonably necessary to fulfill the purpose of § 3553(a).[3]

### ii. Alcohol

Stabler argues that the alcohol condition does not meet the requirements of § 3583(d) because he does not have a history of abuse. We disagree. The district court did not state a reason for the special condition. However, we can infer from the record that the basis of this condition is Stabler's 2004 conviction of DUI refusal, possession of marijuana in a vehicle, and possession of alcohol by a minor. The record also shows that Stabler was arrested for consumption of alcohol as a minor. Additionally, in a separate incident, Stabler was found in possession of a "green leafy substance" while incarcerated on other charges and refused to provide drug screens to correctional officers. Thus, Stabler's record shows multiple incidents involving alcohol and drugs and an extensive criminal history exemplifying a lack of respect for the law. Applying the deferential abuse-of-discretion standard of review, under these circumstances, we cannot say that

---

[3] Stabler also argues in conclusory fashion that the Sentencing Commission policy statement does not state anything "about ordering any special condition of supervision in relation to a felon in possession conviction." However, we have held that "[a] district court has discretion to craft conditions of [supervised release], even if the Guidelines do not recommend those conditions." *United States v. Windless*, 719 F.3d 415, 421 (5th Cir. 2013); *Hathorn*, 920 F.3d at 985–87; *United States v. Acosta-Navarro*, 781 F. App'x 318, 325 n. 9 (5th Cir. 2019) (unpublished) (recognizing that "we have affirmed electronic-search conditions even when the underlying conviction is not a sex crime").

No. 22-60005

the district court's rationale is unclear or that its reasoning cannot be inferred from the record. *See Caravayo*, 809 F.3d at 275 (holding that a special condition will not be disturbed on appeal if the district court's reasoning can be inferred from the record). We therefore hold that the district court did not abuse its discretion in imposing the alcohol condition.

## III. Conclusion

For the foregoing reasons, we AFFIRM Stabler's sentence in full.