# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2023

Lyle W. Cayce
Clerk

No. 21-11209

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUSTIN DEL RIO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:21-CR-33-1

Before KING, SMITH, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Justin Del Rio appeals his sentence in the face of an appeal waiver. Because he failed to brief all the factors to establish reversible plain error, we affirm.

I.

Del Rio pleaded guilty, per a plea agreement, to production of child pornography. *See* 18 U.S.C. § 2251(a). In exchange for his plea, the govern-

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

ment agreed not to bring additional charges "based upon the conduct underlying and related to [Del Rio's] plea of guilty."

The plea agreement included a provision stating, "if the Court finds the defendant is not indigent, an additional mandatory special assessment of $5,000 must be imposed pursuant" to section 101 of the Justice for Victims of Trafficking Act of 2015 ("JVTA"). In that same plea agreement, Del Rio broadly agreed to waive his right to appeal his "conviction, sentence, fine and order of restitution or forfeiture." Del Rio negotiated carveouts to this broad appeal waiver, which included preserving his right to challenge a sentence "exceeding the statutory maximum."[1]

At sentencing, Del Rio did not object to the presentence report ("PSR") or its addendum. The district court sentenced him to 360 months of imprisonment and 25 years of supervised release. The court ordered Del Rio to pay a fee mandated by the JVTA. Del Rio did not object to his sentence but filed a timely notice of appeal.

Del Rio contends that the appeal waiver does not block his challenge to the JVTA special assessment, reasoning that it is a sentence above the statutory maximum. On the merits, he maintains that the district court plainly erred in failing to establish that he was not indigent before imposing the special assessment and that he is, in fact, indigent.

## II.

We review the enforceability of an appeal waiver *de novo*. Under our controlling precedent in *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005), we carry out a two-step inquiry: "(1) whether the waiver was knowing

---

[1] The other negotiated carveouts were to challenge the voluntariness of his guilty plea or appeal waiver, arithmetic errors at sentencing, and to bring a claim of ineffective assistance of counsel. Del Rio does not press any of these claims.

and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." Del Rio challenges only step two. Also, per *Bond*, a statutory-maximum provision authorizes an appeal only where the district court exceeds "the upper limit of punishment that Congress has legislatively specified for violations of a statute." *Id.* at 546 (quotation omitted).

Because Del Rio did not challenge his sentence in district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Del Rio "must show that the district court erred, that the error was plain, and that the plain error affected his substantial rights. Even if these conditions are met, we exercise our discretion to correct the error only if it seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Caravayo*, 809 F.3d 269, 273 (5th Cir. 2015) (per curiam) (cleaned up).

## III.

Although this court has not yet ruled on whether a challenge to a finding of non-indigency in a JVTA special assessment can result in a sentence in excess of the statutory maximum,[2] we pretermit discussion of the issue because Del Rio failed adequately to argue that all four prongs of plain error review were met.

A "challenge cannot succeed on plain error review" where the defendant "fails to argue that the alleged error affected the fairness, integrity, or public reputation of judicial proceedings." *Caravayo*, 809 F.3d at 273. We have consistently "refused to correct plain errors when, as here, the complaining party makes no showing as to the fourth prong." *Id.* at 273–74 (quot-

---

[2] *See United States v. Graves*, 908 F.3d 137, 139–40 (5th Cir. 2018) (avoiding the issue and resolving on the merits).

ing *United States v. Rivera*, 784 F.3d 1012, 1018 n.3 (5th Cir. 2015)).  It was Del Rio's burden, in his opening brief, to "demonstrate that the error affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 274 (quoting *United States v. Andaverde-Tinoco*, 741 F.3d 509, 523 (5th Cir. 2013)).

Del Rio did not make that required showing.  Although his brief dutifully incants the four prongs of plain error review, it presents no argument as to why the fourth prong is satisfied or why the court should use its discretion to correct any error.[3]

Del Rio has not established plain error under our clear precedent.  The judgment is AFFIRMED.

---

[3] "A party forfeits an argument . . . by failing to adequately brief the argument on appeal." *Mock v. Garland*, No. 23-10319, 2023 WL 4882763, at *12 n.38 (5th Cir. Aug. 1, 2023) (omission in original) (quoting *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)).