# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40590
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DIANA PATRICIA DELGADO-DE PARRA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-837-1

_____

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Diana Patricia Delgado-De Parra entered a conditional guilty plea to one count of conspiring to transport illegal aliens. She reserved the right to appeal the denial of her motion to suppress evidence obtained from a stop by a border patrol agent. On appeal, Delgado-De Parra argues that the agent lacked sufficient articulable facts to establish reasonable suspicion justifying

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the stop. Additionally, Delgado-De Parra argues for the first time on appeal that the agent conducted an illegal search by ordering her to lower the back window of her vehicle.

As for Delgado-De Parra's first issue, when the facts are viewed under the totality of the circumstances, in the light most favorable to the Government, and through the lens of the agent's nine years of experience patrolling highways for the United States Customs and Border Protection, the district court did not err in denying the motion to suppress. *See United States v. Jacquinot*, 258 F.3d 423, 427-30 (5th Cir. 2001). Several of the factors outlined by the Supreme Court in *United States v. Brignoni-Ponce*, 422 U.S. 873 (1975), weigh in favor of the district court's decision, including the characteristics of the area, usual traffic patterns, Delgado-De Parra's behavior after the agent pulled behind her vehicle, and the agent's experience. *See United States v. Morales*, 191 F.3d 602, 603-06 (5th Cir. 1999). Although Delgado-De Parra's vehicle, a Chevrolet Equinox, was stopped approximately 150 miles from the border, it and a Ford Explorer that was traveling about a car's length behind the Equinox were registered in the same county on the border of the United States and Mexico; both were traveling northbound during peak smuggling time; and both had passed through the Falfurrias checkpoint 36 minutes apart but later began traveling in tandem. *See United States v. Cervantes*, 797 F.3d 326, 337 (5th Cir. 2015); *United States v. Soto*, 649 F.3d 406, 410 (5th Cir. 2011). Accordingly, the district court did not err in determining that the stop was based on reasonable suspicion. *See Morales*, 191 F.3d at 603-06.

Regarding Delgado-De Parra's second issue, the "failure to raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal." *United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010) (internal quotation marks and citation omitted; emphasis in original). We may, "for good measure," consider such

No. 23-40590

arguments under the plain error standard. *Id.*; *see United States v. Baker*, 538 F.3d 324, 328-29 & n.1 (5th Cir. 2008). Delgado-De Parra, however, has not made the requisite showing to obtain relief on plain error review. *See United States v. Caravayo*, 809 F.3d 269, 273-74 (5th Cir. 2015).

The judgment of the district court is AFFIRMED.