# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10597
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eleazar Diaz-Balleza,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-49-1

————————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Eleazar Diaz-Balleza was convicted of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). He was sentenced to 18 months of imprisonment and three years of supervised release.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10597

Diaz-Balleza claims that the district court procedurally erred in imposing the sentence by relying on erroneous facts. He fails to show that all four prongs of the plain error standard are met. We thus decline to correct the alleged error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021); *United States v. Caravayo*, 809 F.3d 269, 273 (5th Cir. 2015).

He next contends that § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. As he correctly concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).

AFFIRMED.

2