# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2020

Lyle W. Cayce
Clerk

No. 19-10797

United States of America,

*Plaintiff — Appellee,*

*versus*

Christopher J. Abbate,

*Defendant — Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-29-1

Before Davis, Jones, and Willett, *Circuit Judges.*

Per Curiam:

Christopher Abbate challenges two special conditions of his supervised release following the revocation of his first term of supervised release. He argues a condition prohibiting possession of pornographic matter is vague and overbroad in violation of his due process and First Amendment rights, and a condition prohibiting use of gaming consoles is overly restrictive. We modify the gaming console condition but leave the other conditions of his supervised release unchanged. We therefore AFFIRM as MODIFIED the district court's judgment.

No. 19-10797

## I. BACKGROUND

In June 2010, Abbate pled guilty to possessing child pornography.[1] The district court sentenced him to 120 months of imprisonment, followed by a lifetime term of supervised release. Less than a year after Abbate completed his prison sentence, he violated the conditions of his supervised release. The district court sentenced him to six months of imprisonment, followed by another lifetime term of supervised release. Abbate does not challenge the district court's revocation of his supervised release.

Abbate does, however, challenge two terms of his supervised release, which are now before us on review. First, he challenges the term that provides he not have under his control any "pornographic matter." Second, he challenges the term that he "shall not use or possess any gaming consoles . . . or devices, without prior permission from the probation officer." Abbate objected to the pornography condition at the hearing. He did not object to the gaming console condition. He launched a timely appeal.

## II. DISCUSSION

Abbate argues that the pornography condition is overbroad and vague, in violation of his due process and First Amendment rights. He also contends that the gaming console condition is overly restrictive in violation of 18 U.S.C. § 3583(d). We address these concerns in turn.

### A. The Pornography Condition

Abbate first asserts that the pornography condition of his supervised release—that he cannot possess or have under his control "any pornographic matter"—is impermissibly vague in violation of his due process rights and overbroad in violation of his First Amendment rights. Because Abbate

---

[1] *See* 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B).

preserved his challenge at the sentencing hearing, we review the district court's supervised release condition for abuse of discretion.[2]

It is a basic principle of due process that a statute may not be "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."[3] This principle applies with equal force to supervised release conditions.[4] Even so, a lack of specificity does not necessarily void the condition.[5] "[W]hile a probationer is entitled to notice of what behavior will result in a violation, so that he may guide his actions accordingly," supervised release conditions "do not have to be cast in letters six feet high, or to describe every possible permutation, or to spell out every last, self-evident detail."[6] Categorical terms are inevitable and can provide adequate notice so long as there exists "a commonsense understanding of what activities the categories encompass."[7]

Abbate argues that there is no commonsense understanding of the categorical term "pornography." The question, then, is whether a reasonable person can predict what materials Abbate is and is not allowed to have.

We have not yet addressed the stand-alone term "pornographic." But in *United States v. Brigham*, we considered a condition of supervised release providing that the defendant (Brigham) neither possess nor control "any

---

[2] *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015).

[3] *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

[4] *United States v. Paul*, 274 F.3d 155, 166 (5th Cir. 2001).

[5] *See id.*

[6] *Id.* at 166–67 (quoting *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994)) (quotation marks omitted).

[7] *Id.* at 167.

pornographic, sexually oriented or sexually stimulating materials."[8] The district court found Brigham violated the conditions of his supervised release after viewing a videotape of himself and his ex-girlfriend having sex.[9] On appeal, Brigham argued that the district court improperly applied the condition, and that it was vague.[10] Reviewing the issue on an "as applied" basis for abuse of discretion, we rejected Brigham's argument.[11] We also emphasized that the definitions of "child pornography" and "sexually explicit conduct" set forth in 18 U.S.C. §§ 2256(2) and (8) offered "some practical insight" into the condition's meaning.[12]

In *United States v. Simmons*, the Second Circuit used similar reasoning in interpreting the term "pornography."[13] The court there observed that, "[f]or purposes of evaluating artistic or cultural merit, the term 'pornography' is notoriously elusive," and that any effort to define the word is a "subjective, standardless process, heavily influenced by the individual, social, and cultural experience of the person making the determination."[14] But the court concluded that this lack of clarity is "significantly eliminated in the context of federal criminal law."[15] As we did in *Brigham*, the court cited to § 2256, which provides that "'child pornography' means *any visual depiction*, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by

---

[8] 569 F.3d 220, 223 (5th Cir. 2009).

[9] *Id.* at 233.

[10] *Id.* at 232.

[11] *Id.*

[12] *Id.* at 233.

[13] 343 F.3d 72 (2d Cir. 2003).

[14] *Id.* at 81.

[15] *Id.*

electronic, mechanical, or other means, *of sexually explicit conduct*."[16] The court reasoned that, when references to minors are omitted, the child pornography law "defines the more general category of pornography," thereby eliminating any vagueness concerns.[17]

We agree with the Second Circuit.[18] As difficult as it may be to pin down a definition of the term "pornography" in artistic contexts, that dilemma does not present itself here—the criminal context provides us the necessary commonsense understanding.[19] Abbate's vagueness challenge fails and, in turn, so does his First Amendment overbreadth challenge.[20]

Abbate brings another First Amendment overbreadth challenge: He argues that the pornography condition is overbroad because it prohibits not only his possession of sexually explicit material involving children but also that involving adults. He stresses that there is no nexus between adult

---

[16] 18 U.S.C. § 2256(8) (emphasis added). The same section also defines "sexually explicit conduct" in detail (including sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, and lascivious exhibition of the anus, genitals, or pubic area). *Id.* §§ 2256(2)(A) and (2)(B).

[17] *Simmons*, 343 F.3d at 82.

[18] *See also United States v. Bordman*, 895 F.3d 1048, 1062 (8th Cir. 2018), *cert. denied,* 139 S. Ct. 1618 (2019) (terms "pornography" and "erotica" were not unconstitutionally vague). *But see United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002) (per curiam) (condition prohibiting defendant from possessing any pornography was unconstitutionally vague); *United States v. Loy*, 237 F.3d 251 (3d Cir. 2001) (holding that the term "pornography," which can include the likes of Vladimir Nabokov's *Lolita* and medical school textbooks, is vague and overbroad).

[19] *United States v. Paul*, 274 F.3d 155, 167 (5th Cir. 2001).

[20] Because Abbate alleges the supervised release condition is vague and, in turn, encompasses protected conduct, the vagueness and overbreadth analysis invariably overlap. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.6 (1982) ("[A] court should evaluate the ambiguous as well as the unambiguous scope of the enactment. To this extent, the vagueness of a law affects overbreadth analysis.").

pornographic matter and his offense (possession of child pornography). Abbate preserved his challenge, so we review for abuse of discretion.[21]

"A district court has wide discretion in imposing terms and conditions of supervised release."[22] That discretion, however, has limits. "A special condition of supervised release . . . must comply with § 3583(d) to survive a First Amendment challenge."[23] Pertinent here, § 3583(d) requires that a supervised release condition result in no greater deprivation of liberty than is reasonably necessary.[24]

When a defendant's crime is "sexual in nature," it is "reasonable for the district court to restrict [the defendant's] access to sexually stimulating material more broadly in an effort to prevent future crimes or aid in his rehabilitation."[25] And we have found a nexus between possession of legal adult pornography and child pornography before.[26] In *United States v. Miller*, for example, we held that because videos seized from the defendant's residence depicted both nude adults and nude minors, his "interest in

---

[21] *United States v. Caravayo*, 809 F.3d 269, 272 (5th Cir. 2015) (per curiam).

[22] *Paul*, 274 F.3d at 164.

[23] *Caravayo*, 809 F.3d at 274.

[24] 18 U.S.C. § 3583(d)(2).

[25] *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013) (per curiam).

[26] *United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011); *see also United States v. McGee*, 559 F. App'x 323, 329 (5th Cir. 2014) (district court did not abuse its discretion in prohibiting defendant with past history of child molestation from possessing or viewing sexually arousing material—a restriction that was "a precaution, purely protective"); *Ellis*, 720 F.3d at 227 (upholding, in a child pornography case, a condition restricting possession of sexually stimulating material because the crime was sexual in nature, and the court sought to prevent future crimes and aid in his rehabilitation).

'sexually stimulating' materials involving adults is intertwined with his sexual interest in minors and thus, his offense."[27]

The record reveals that, like in *Miller*, Abbate's interest in child pornography is intertwined with adult pornography. Abbate's presentence report documented that he "owned numerous adult pornographic movies with titles suggestive of young participants." It also reported images on Abbate's hard drive depicting children engaging in sexual acts with adults. At the revocation hearing, Abbate's psychotherapist determined that Abbate's possession of sexually explicit material could result in recidivism.

It is "not difficult to infer" that Abbate's access to such materials could "influence[] his subsequent behavior," putting both his rehabilitation and the public at risk.[28] Because it complies with § 3583(d), the special condition survives Abbate's First Amendment challenge.

## B. The Gaming Console Condition

Abbate contends that the special condition prohibiting his use or possession of "any gaming consoles" without prior permission is overly restrictive in violation of § 3583(d)(2). He argues that the condition involves a greater deprivation of liberty than necessary. Since he did not object at the hearing, we review for plain error.[29]

Under this standard, we apply a four-prong test to determine if a trial court plainly erred.[30] Abbate must identify (1) a forfeited error, (2) that is

---

[27] 665 F.3d at 136. Although *Miller* was a plain error case, the court held it would have reached the same conclusion "[e]ven were [it] to review for an abuse of discretion." *Id.*

[28] *United States v. Sealed Juvenile*, 781 F.3d 747, 756 (5th Cir. 2015).

[29] *United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

[30] *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc).

clear and obvious, and (3) that affected his substantial rights.[31] If he satisfies those three requirements, we may, in our discretion, remedy the error, but "only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[32]

The district court imposed a blanket ban on gaming consoles after Abbate lied about getting rid of his internet-capable PlayStation 4, in violation of his earlier supervised release condition that he not use or own any device that allows internet access. Abbate agrees that a prohibition on modern devices that rely on internet connection is appropriate. He only requests that we use our discretion to lessen the condition's scope, such that it does not include consoles that cannot access the internet.

We recently addressed a similar special condition in *United States v. Montanez*.[33] After Montanez pled guilty to a single count of enticement of a child, the district court imposed a condition restricting the use or possession of any gaming console.[34] On plain error review, we held that the condition was overbroad, and narrowed it to its commonsense construction: a prohibition on gaming consoles that allow internet communication.[35]

---

[31] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[32] *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)) (quotation marks omitted).

[33] 797 F. App'x 145 (5th Cir. 2019), *cert. denied*, No. 19-7998, 2020 WL 1906695 (U.S. Apr. 20, 2020). While an unpublished opinion issued after January 1, 1996 is not controlling precedent in our circuit, we may consider it as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 n. 7 (5th Cir. 2006). And, if we have found plain error in one case, we can infer plain error in another, factually analogous case. *See, e.g., United States v. Lozano*, 791 F.3d 535, 539 (5th Cir. 2015) (relying on precedent of finding plain error in similar cases in holding the district court committed plain error).

[34] *Id.* at 146, 150.

[35] *Id.* at 151–52.

The district court's obvious intent in imposing this special condition was to prevent Abbate from using a gaming console's internet-access features. A ban on all gaming consoles does not achieve that purpose, and so, like in *Montanez*, we use our discretion to modify the special condition.[36] We narrow the condition to forbid Abbate from using or possessing any gaming console or device that allows for internet access without prior permission from the probation officer.

## III. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED as MODIFIED.

---

[36] We have discretion to modify special conditions without vacating or remanding to the district court. *See* 28 U.S.C. § 2106 (federal appellate courts may "modify . . . any judgment, decree, or order of a court lawfully brought before it for review"); *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 401 (5th Cir. 2019) (modifying the judgment to "remove any doubt regarding the scope of the special conditions and what they require of Appellant, leaving the other special conditions unchanged").