# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2020

Lyle W. Cayce
Clerk

No. 18-40504

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Manuel Molina-Alonso,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-863-1

Before Jones, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Jose Manuel Molina-Alonso pled guilty to one count of illegal entry following removal.  On appeal, he challenges two special conditions of supervised release that were not mentioned by the judge explicitly at his sentencing.  Concluding that the district court orally adopted the PSR's special conditions, which embraced the special conditions, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-40504

## I. BACKGROUND

On September 15, 2016, Molina-Alonso, a citizen of Mexico, was deported from the United States.  He illegally reentered the country and was found in Texas thirteen months later.  A federal grand jury returned a single-count indictment charging him with illegal entry following removal, in violation of 8 U.S.C. § 1326.

Molina-Alonso pled guilty without a plea agreement.  His PSR recommended three special conditions for his supervised release.  First, he was directed to "immediately report, continue to report, or surrender to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed." Second, "If [he was] ordered deported from the United States," then he was required to "remain outside the United States unless legally authorized to reenter."  And third, "If [he] reenter[ed] the United States," then he was required to "report to the nearest probation office within 72 hours after [his] return."   The first ("report or surrender") and third ("report upon reentry") conditions are at issue here.

At sentencing, Molina-Alonso's counsel stated that she had reviewed the PSR with him and that there were no objections.  The district court then "adopt[ed] the findings in the presentence report" and sentenced Molina-Alonso to a 39-month term of imprisonment, followed by a three-year term of supervised release.  As to his supervised release, the district court stated: "I order a term of supervised release of three years during which again, you're required to comply with standard mandatory and special conditions that include that you're not to commit a crime, state, federal or local, and that you're not to illegally reenter the United States."   Molina-Alonso confirmed he understood and did not object.  His written judgment included

No. 18-40504

the three special conditions listed in the appendix to the PSR. Molina-Alonso timely appeals his sentence.

## II. DISCUSSION

A defendant has a due process right under the Fifth Amendment to be present at sentencing. *United States v. Diggles*, 957 F.3d 551, 558 (5th Cir. 2020) (en banc). This right requires that a district court orally pronounce the defendant's sentence at a hearing, so that he can contest his sentence and any conditions of supervised release. *United States v. Grogan*, --- F.3d ----, 2020 WL 5869073, at *2 (5th Cir. Oct. 2, 2020). "Including a sentence in the written judgment that the judge never mentioned when the defendant was in the courtroom is 'tantamount to sentencing the defendant in absentia.'" *Diggles*, 957 F.3d at 557 (citation omitted). Thus, when the oral pronouncement and written judgment conflict, the oral pronouncement must control. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

Normally, when a defendant objects to supervised release conditions for the first time on appeal, we review for plain error only, requiring a clear and obvious error that affected a defendant's substantial rights and "seriously affect[ed] the fairness, integrity, or reputation of judicial proceedings." *United States v. Abbate*, 970 F.3d 601, 606 (5th Cir. 2020) (per curiam) (quoting *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009)). When a defendant is not afforded the opportunity to object, however, we review for abuse of discretion. *Bigelow*, 462 F.3d at 381.

Molina-Alonso maintains that we must review for abuse of discretion, because the district court did not orally pronounce the "report or surrender" or "report upon reentry" special conditions of his supervised release. And, because the oral pronouncement controls when it conflicts with a written judgment, we must vacate and remand. The Government, meanwhile, argues for plain-error review. It contends the district court orally adopted

the PSR, and so Molina-Alonso had an opportunity to object. Under plain-error review, Molina-Alonso would not pass the first hurdle: there can be no clear and obvious error, for there would be no error at all. *See Diggles*, 957 F.3d at 560.

The resolution to both the standard of review and outcome of this case, then, hinges on whether the district court's oral pronouncement conflicts with its written judgment. In the time since the district court issued its judgment, we clarified our law on this subject en banc in *Diggles*. *Id.* at 555–62. First, we held that a sentencing court must pronounce *discretionary* special conditions. *Id.* at 563. The Government does not dispute that the special conditions at issue here were discretionary and therefore had to be pronounced at sentencing.

Second, we held in *Diggles* that "[a] sentencing court pronounces supervision conditions when it orally adopts a document recommending those conditions." *Id.* We emphasized that the key is "notice and an opportunity to object." *Id.* A sentencing court need not recite the PSR word-for-word. *Id.* "As long as the sentencing judge notifies the defendant of the conditions being imposed and allows an opportunity to object, there will be no conflict with a judgment that lists those conditions." *Id.* "Oral in-court adoption of a written list of proposed conditions [e.g., a PSR] provides the necessary notice." *Id.* at 560.

Since *Diggles*, we have made clear that a sentencing court pronounces supervised conditions when it orally adopts a PSR in full. In *United States v. Grogan*, --- F.3d ----, 2020 WL 5869073 at *2–3, the defendant was given the PSR before sentencing, reviewed it with his attorney, and did not object when the district court adopted it "in full" at sentencing. We held that, in light of these facts, the defendant had notice of the recommended conditions and an opportunity to object, satisfying *Diggles*. *Id.* at *3. *See also United States v.*

*Harris*, 960 F.3d 689, 696 (5th Cir. 2020) (holding that defendant had notice after district court adopted PSR in full); *United States v. Temetan*, --- Fed. App'x ----, No. 18-20184, 2020 WL 5901697, at *3 n.14 (5th Cir. Oct. 5, 2020) (holding that a district court satisfied its oral pronouncement obligation by adopting a PSR listing the special conditions).

The transcript from the sentencing hearing reveals the district court explicitly adopted the PSR's special conditions. In pronouncing Molina-Alonso's sentence, the court stated:

> Thereafter however, I order a term of supervised release of three years during which again, you're required to comply *with standard mandatory and special conditions* that include that you're not to commit a crime, state, federal or local, and that you're not to illegally reenter the United States. Do you understand that?

The "standard special conditions" to which the court referred here can only be referencing the special conditions in the PSR, which had a heading of "Special Conditions." Thus, the court satisfied its oral pronouncement obligation.

To be clear, there are no magic words required to satisfy this obligation. The court had already adopted the "findings" in the PSR, and the PSR's appendix included the challenged conditions because, as it stated, the defendant has had two prior illegal reentries, one barely a year prior to the instant offense, and he had an immigration detainer lodged against him. The district court plainly was adopting the "findings" underlying the challenged conditions. Moreover, Molina-Alonso had notice of the PSR, reviewed it with his attorney, and lodged no objection at sentencing. To conclude that the district court did not orally adopt the PSR's sentencing recommendations because the sentencing judge specified "findings" is precisely the hyper-technical approach we sought to avoid in *Diggles*.

Moreover, the two special conditions at issue here are not uncommon, and we presume the skilled Federal Public Defender was aware that they would be adopted and simply opted not to object.

Because Molina-Alonso did not object when the district court orally adopted the PSR's special conditions, despite having notice and an opportunity to object, we review for plain error. There is no error here, plain or otherwise—Molina-Alonso's claim fails.

### III. CONCLUSION

The district court's judgment is **AFFIRMED**.