# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2021

Lyle W. Cayce
Clerk

No. 21-10086
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRY RAY CARTER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-234-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Terry Ray Carter was convicted of sexual exploitation of children and of transportation of child pornography, and he has appealed his sentence. The Government has moved for summary affirmance or, in the alternative, for an extension of time within which to file its brief.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10086

Carter asserts that the special condition of supervised release prohibiting him from possession or control of "any pornographic matter" violates due process as unconstitutionally vague because the term "pornographic" is undefined. He also asserts that this special condition violates his rights under the First Amendment because it is overbroad. Carter concedes that these questions are foreclosed by *United States v. Abbate*, 970 F.3d 601, 605-06 (5th Cir. 2020), *cert. denied*, 2021 WL 1951889 (U.S. May 17, 2021) (No. 20-6923). In light of *Abbate*, Carter cannot show that the district court abused its discretion in imposing this condition of supervised release. *See* 970 F.3d at 605-06.

Next, Carter contends that the special condition of supervised release prohibiting him from going to "places where children may frequently congregate" is overbroad and vague. He concedes that this question is foreclosed by *United States v. Paul*, 274 F.3d 155, 167 (5th Cir. 2001). In light of *Paul*, Carter cannot show that the district court abused its discretion in imposing this condition of supervised release. *See* 274 F.3d at 165-67.

Because the issues raised by Carter are foreclosed by circuit precedent, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time within which to file a brief is DENIED as moot, and the district court's judgment is AFFIRMED.