# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2023

Lyle W. Cayce
Clerk

No. 22-50243

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Regalado,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-976-1

Before Jones, Willett, and Douglas, *Circuit Judges*.

Per Curiam:*

Anthony Regalado was sentenced to 15 months in prison with 40 months of supervised release upon revocation of a prior term of supervision. He appeals, arguing that one of the conditions imposed on his new term of supervised release is unconstitutionally vague. *See United States v. Abbate*, 970 F.3d 601, 603-04 (5th Cir. 2020). That condition requires him,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50243

as directed by his probation officer, to notify third parties of risks that could be occasioned by the defendant's criminal record, personal history, or characteristics. Regalado is also required to permit the probation officer to make such notifications and to confirm that Regalado is complying with the notification requirement.

Regalado did not object to the condition in the district court, so our review is for plain error. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). To prevail under the plain-error standard, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Because "any error cannot be plain" where the law is unsettled, *United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015), "lack of binding authority is often dispositive in the plain-error context," *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Regalado, who acknowledges that this court has not addressed whether the language in question is impermissibly vague, fails to establish that the error alleged was plain notwithstanding the absence of such precedent. He has accordingly not made the requisite showing. *See Puckett*, 556 U.S. at 135.

AFFIRMED.