# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2023

Lyle W. Cayce
Clerk

———————————

No. 23-20002
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Rigoberto Suazo-Euceda,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-341-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Rigoberto Suazo-Euceda pleaded guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 57 months of imprisonment, to be followed by three years of supervised release. As part of his sentence, the district court included supervised release conditions that Suazo-Euceda participate in cognitive

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

behavior therapy (CBT) and mental health treatment programs. The district court's oral pronouncement did not specify whether Suazo-Euceda was required to pay the costs of either program. The written judgment, however, ordered that the costs of CBT be paid for by Suazo-Euceda and that the costs of mental health treatment be paid for by Suazo-Euceda, if he was financially able. On appeal, Suazo-Euceda first challenges the imposition of both CBT and mental health treatment programs as special conditions of supervised release without sufficient explanation or evidence as to why both were necessary.

Because Suazo-Euceda did not object to the imposition of both special conditions before the district court, we review for plain error. *United States v. Bree*, 927 F.3d 856, 859 (5th Cir. 2019). Accordingly, he must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, alteration, and citations omitted). Ordinarily, the court "do[es] not find plain error when [it has] not previously addressed an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (internal quotation marks and citation omitted).

Suazo-Euceda cites no binding precedent stating that the imposition of both CBT and mental health treatment programs constitutes error. Additionally, contrary to Suazo-Euceda's assertion, the record evidence supports a finding that both CBT and mental health treatment conditions were warranted. At most, his argument that the court erred in this regard is subject to reasonable debate; thus, he cannot establish clear or obvious error. *See Puckett*, 556 U.S. at 135. Accordingly, Suazo-Euceda cannot demonstrate that the district court plainly erred by imposing both CBT and mental health treatment programs as special conditions of his supervised release. *See id.*

No. 23-20002

Next, Suazo-Euceda challenges the requirement in the written judgment that he pay the costs of the CBT program, without regard for his ability to do so. Because the district court did not orally state at sentencing that Suazo-Euceda must pay the costs of the CBT program, Suazo-Euceda had no opportunity to object to that portion of the condition, and review is for abuse of discretion. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). The parties agree and the record reflects that the requirement that Suazo-Euceda pay for the costs of CBT, without consideration of his financial ability, is inconsistent the court's intent in imposing the conditions of supervised release. This court has the discretion to modify special conditions to conform them to the district court's apparent intent without vacating or remanding to the district court. *United States v. Abbate*, 970 F.3d 601, 607 n.36 (5th Cir. 2020); *see* 28 U.S.C. § 2106.

Accordingly, we AFFIRM and MODIFY the judgment to reflect that Suazo-Euceda pay the costs of the CBT program, if financially able.