# United States Court of Appeals for the Fifth Circuit

---

No. 23-10717
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jonathan Fitzpatrick Koen,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-373-1

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Jonathan Fitzpatrick Koen appeals his convictions for four counts of sexual exploitation of a child, in violations of 18 U.S.C. § 2251(a), and one count of attempted obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), (j). The convictions are

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the result of Koen's engagement in a sexual relationship with Minor Victim One (MV1).

Koen argues that (1) his § 1512 conviction should be vacated because lay opinion testimony from a law enforcement official regarding the official's interpretation of the meaning of a recorded phone conversation and a gesture violated Federal Rule of Evidence 701; (2) the district court erred in imposing special conditions of supervision that were not narrowly tailored to his individual case and were not related to the statutory sentencing factors; and (3) § 2251 exceeds Congress's commerce authority. Because Koen did not raise these issues in the district court, review is for plain error only. *See United States v. Shows Urquidi*, 71 F. 4th 357, 372 (5th Cir.), *cert. denied*, 144 S. Ct. 268 (Oct. 2, 2023); *United States v. Sanches*, 86 F. 4th 680, 684-85 (5th Cir. 2023); *United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013).

Rule 701 limits non-expert opinion testimony to that which is "(a) rationally based on the witness's perception; [and] (b) helpful to clearly understanding the witness's testimony or determining a fact in issue." Fed. R. Evid. 701. Lay opinion testimony that is permissible under Rule 701 "has the effect of describing something that the jurors *could not otherwise experience for themselves* by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event." *United States v. Haines*, 803 F.3d 713, 733 (5th Cir. 2015) (emphasis in the original) (internal quotation marks and citation omitted). "Testimony on topics that the jury is fully capable of determining for itself is not" admissible because it does not help the jury to clearly understand the testimony of the witness. *Id.*

Koen specifically asserts that the law enforcement official was no more qualified than the jury to interpret the meaning of the conversation, and that the testimony was not helpful but essentially usurped the jury's role as

factfinder. Even if Koen were correct that the district court committed plain error by allowing this testimony, he cannot show that the error affected his substantial rights. "A defendant demonstrates that an error had an effect on his substantial rights when he shows a reasonable probability that the jury, absent the error, would have acquitted him." *United States v. Oti*, 872 F.3d 678, 693 (5th Cir. 2017). Here, apart from the law enforcement official's lay testimony regarding the interpretation of a recorded jail conversation between Koen and MV1, there was ample evidence of Koen's attempted obstruction of an official proceeding. We therefore affirm the district court on this issue. *See United States v. Haines*, 803 F.3d 713, 734 (5th Cir. 2015).

Koen next challenges the imposition of the supervised release conditions (1) prohibiting him from possessing any pornographic material or material sexually depicting minors under 18 years old, (2) requiring him to provide his probation officer with all business and personal financial information, (3) requiring him to refrain from opening any new lines of credit without prior authorization until any restitution obligation is satisfied, and (4) requiring him to work full time unless excused. Because his crime was "sexual in nature, it was reasonable for the district court to restrict [his] access to sexually stimulating material more broadly in an effort to prevent future crimes or aid in his rehabilitation." *Ellis*, 720 F.3d at 227. Accordingly, Koen cannot demonstrate plain error in the imposition of a lifetime ban on adult pornography. *Id.*; *see also United States v. Abbate*, 970 F.3d 601, 606 (5th Cir. 2020).

Regarding the condition requiring Koen to obtain employment: Even if he could demonstrate a clear or obvious error, given that the condition is not absolute and can be modified, Koen cannot demonstrate that it seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *See United States v. Prieto*, 801 F.3d 547, 554-55 (5th Cir. 2015) (declining to correct plain error when defendant could not meet the requirements of the

fourth prong because the complained of special condition of supervised release was modifiable and the defendant had previously overlooked two opportunities to object to the condition). As to the two financial reporting conditions, the Government concedes that they should be stricken from the judgment because the district court did not impose restitution or fines. *See* under U.S.S.G. § 5D1.3(d)(2), (3); *Abbate*, 570 F.3d at 606-07 (narrowing scope of supervised release condition in accord with district court's intent and affirming judgment as modified); *United States v. Sealed Juvenile*, 781 F.3d 747, 758 (5th Cir. 2015) (striking an unreasonably restrictive supervised release condition and affirming the judgment as modified). Accordingly, the judgment is MODIFIED to strike the two financial reporting conditions from it.

Finally, as to Koen's contention that § 2251 exceeds Congress's authority under the Commerce Clause, we have repeatedly held that "the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production were moved in interstate commerce." *United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019) (per curiam); *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 227–31 (5th Cir. 2000). Koen concedes that this issue is foreclosed and that he raises it only to preserve it for possible future appellate review.

The district court's judgment is AFFIRMED as MODIFIED.