# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2026

Lyle W. Cayce
Clerk

No. 25-10468

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS ROBLES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-247-1

Before RICHMAN, DUNCAN, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Appellant Carlos Robles pleaded guilty to interstate travel with intent to engage in a sexual act with a minor in violation of 18 U.S.C. § 2423(b). At sentencing, the district court applied the guidelines cross-reference at United States Sentencing Guidelines (U.S.S.G.) § 2G1.3 in addition to several enhancements to determine Robles's guidelines range, and the district court imposed several conditions of supervised release. Robles

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10468

appeals the application of the cross-reference, the § 2G2.1(b)(2)(A) enhancement, and three conditions of supervised release. We affirm.

**I**

Robles was arrested in New York for rape of a minor female in 2020. Through the subsequent investigation, detectives learned Robles had been communicating online with another minor, Jane Doe (JD1), from Fort Worth, Texas since 2019. Over chat, JD1 sent Robles nude images of herself and videos of herself masturbating. Robles sent her images and videos of himself masturbating. Robles travelled from Florida to Texas to meet JD1 at least four times. During these visits, JD1 performed oral sex on Robles at least three times, and Robles touched JD1 at least twice.

Robles was indicted for one count of interstate travel with intent to engage in a sexual act with a minor under 18 U.S.C. § 2423(b). Robles pleaded guilty without the benefit of a plea agreement. In calculating Robles's guidelines range, the Presentence Report (PSR) applied the 2021 Guidelines and used U.S.S.G. § 2G1.3 as the guidelines provision for the offense of conviction. It determined that § 2G1.3(c)(1)'s cross-reference to § 2G2.1 for when "the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct"[1] applied in determining Robles's base offense level. The PSR then applied several enhancements, including a two-level enhancement per § 2G2.1(b)(2)(A) for when "the offense involved . . . the commission of a sexual act or sexual contact"[2] because JD1 performed oral sex on Robles.

---

[1] U.S. Sent'g Guidelines Manual § 2G1.3(c)(1) (U.S. Sent'g Comm'n 2021).

[2] *Id.* § 2G2.1(b)(2)(A).

No. 25-10468

The PSR also included several mandatory and special conditions of supervised release. Relevant to this appeal, the PSR included a mandatory condition requiring Robles "comply with the requirements of the Sex Offender Registration and Notification Act . . . as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where [Robles] reside[s], work[s], [is] a student, or w[as] convicted of a qualifying offense." The PSR further included Special Condition Number Two, stating Robles "shall participate in sex offender treatment services as directed by the probation officer . . . [which] may include psychophysiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor [Robles's] compliance, treatment progress, and risk to the community." Finally, Special Condition Number Four stated Robles "shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children."

Robles filed objections to the PSR's application of the cross-reference to § 2G2.1, the two-level enhancement per § 2G2.1(b)(2)(A), and each of the above conditions of supervised release. At sentencing, the district court overruled each of Robles's objections, but modified Special Condition Number Four to state "[Robles] must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256)."

The district court adopted the statement and guideline applications in the PSR. The court sentenced Robles to 360 months of imprisonment and 24 years of supervised release. Robles timely appealed.

## II

We first consider Robles's challenges to the district court's calculation of his guidelines range and sentence. Because Robles preserved this issue by objecting before the district court, "we review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error."[3]

## A

Robles first argues the district court erred by applying the cross-reference to U.S.S.G. § 2G2.1. Robles asserts "neither the offense of conviction nor relevant conduct involved a visual depiction of the victim engaged in sexually explicit conduct" because "there is no evidence that any visual depictions were created 'during the commission of the offense of conviction,' which involved a single trip undertaken on January 31, 2020." Robles further argues "any cross reference would necessarily be based on a theory of relevant conduct," and the videos JD1 sent of herself do not qualify as relevant conduct. Robles's argument fails because he takes an overly narrow view of relevant conduct.

U.S.S.G. § 2G1.3(a)(4) sets forth the advisory guidelines range for violations of 18 U.S.C. § 2423(b).[4] At U.S.S.G. § 2G1.3(c)(1), the guidelines have a cross-reference to § 2G2.1, applicable "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose

---

[3] *United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020) (quoting *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017)).

[4] *See* U.S. Sent'g Guidelines Manual § 2G1.3 cmt. statutory provisions (U.S. Sent'g Comm'n 2021).

of producing a visual depiction of such conduct."[5]  That cross-reference "is to be construed broadly."[6]  It "includes all instances in which the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking . . . a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct."[7]  The term "offense" includes "the offense of conviction and all relevant conduct under § 1B1.3."[8]

In its response to Robles's objection to the PSR, the government agreed that "Robles did not film JD1 when he traveled to have sex with her from Florida to Texas."  Robles is therefore correct that the cross-reference was based on relevant conduct, not the offense of conviction.  Relevant conduct under § 1B1.3 includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."[9]  Robles argues "the visual depictions were not made in 'preparation' for the trip" because "[t]here is no evidence, for example, that the participants discussed the trip during the process of creating the depictions."  We disagree.

In other contexts, we have recognized that "grooming behavior," such as "deliberate actions taken by a defendant to expose a child to sexual material," has "the ultimate goal of . . . the formation of an emotional

---

[5] *Id.* § 2G1.3(c)(1).

[6] *Id.* § 2G1.3 cmt. n.5(A).

[7] *Id.*

[8] *Id.* § 1B1.1 cmt. n.1(I).

[9] *Id.* § 1B1.3(a)(1)(A).

connection with the child and a reduction of the child's inhibitions in order to prepare the child for sexual activity."[10]  In this case, the PSR suggested that since JD1 "had already shared multiple masturbation videos with Robles . . . he probably believed his trip would result in sexual contact."  The exchange of these videos qualifies as relevant conduct because it suggests a pattern of grooming undertaken "in preparation for th[e] offense"[11] of interstate travel with intent to engage in a sexual act.[12]  Because this was relevant conduct permitted to be considered under the Sentencing Guidelines, the district court did not err in applying the cross-reference.

## B

Robles next argues the district court erred by applying the two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A) for when "the offense involved . . . the commission of a sexual act or sexual contact."[13]  Robles contends that "because the instances of sexual contact occurred during his January 2020 trip . . . were not visually depicted, they should not be used to enhance the separate offense governed by the cross reference to U.S.S.G. § 2G2.1."  Robles appears to assert that because the cross-reference applies,

---

[10] *United States v. Howard*, 766 F.3d 414, 424-25 (5th Cir. 2014) (quoting *United States v. Chambers*, 642 F.3d 588, 593 (7th Cir. 2011)).

[11] U.S. Sent'g Guidelines Manual § 1B1.3(a)(1)(A) (U.S. Sent'g Comm'n 2021).

[12] *Cf. United States v. Schneider*, 801 F.3d 186, 205 (3d Cir. 2015) (affirming application of cross-reference because an "offense involv[ing] criminal sexual abuse" was relevant conduct to charge of "foreign travel with the intent to engage in a sexual act with a minor" where defendant "was able to commit the offense because he had cultivated a years-long sexual relationship with the victim by means of sexual abuse" prior to the foreign travel).

[13] U.S. Sent'g Guidelines Manual § 2G2.1(b)(2)(A) (U.S. Sent'g Comm'n 2021).

No. 25-10468

the district court could not have considered other relevant offense conduct aside from the visual depictions of JD1. He is mistaken.

The § 2G2.1(b)(2)(A) enhancement applies "[i]f the offense involved . . . the commission of a sexual act or sexual contact."[14] Again, the term "offense" includes "the offense of conviction and all relevant conduct under § 1B1.3."[15] "Therefore, the enhancement under § 2G2.1(b)(2)(A) applies whenever sexual contact (or sexual acts) can be considered relevant conduct to the offense of conviction."[16] Relevant conduct includes "all acts . . . that occurred during the commission of the offense of conviction."[17] The enhancement therefore applies if the sexual contact between Robles and JD1 occurred during Robles's interstate travel with intent to engage in a sexual act with a minor.[18] It is beyond dispute that sexual contact occurred during Robles's interstate travel. Robles himself admits "instances of sexual contact occurred during the January 2020 trip." The district court accordingly did not err by applying this enhancement.

### III

Robles challenges his conditions of supervised release. "We review 'properly preserved objections to the imposition of conditions of supervised

---

[14] *Id.*

[15] *Id.* § 1B1.1 cmt. 1(I).

[16] *United States v. King*, 979 F.3d 1075, 1083 (5th Cir. 2020).

[17] U.S. Sent'g Guidelines Manual § 1B1.3(a)(1)(A) (U.S. Sent'g Comm'n 2021).

[18] *Cf. King*, 979 F.3d at 1083 ("The question here is thus whether the district court committed plain error at King's sentencing by concluding that the sexual contact between King and a child 'occurred during' the production of child pornography or 'in preparation for' the production of child pornography.").

release for an abuse of discretion.'"[19]   A sentencing court may impose a condition of supervised release that "(1) is reasonably related to the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [those statutes]; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a)."[20]

## A

Robles first challenges Mandatory Condition Number Six, which requires him to "comply with the requirements of the Sex Offender Registration and Notification Act [(SORNA)] . . . as directed by the probation officer, the Bureau of Prisons [(BOP)], or any state sex offender registration agency in the location where [Robles] reside[s], work[s], [is] a student, or w[as] convicted of a qualifying offense."  Robles argues this condition is improperly "alterable by Probation, the BOP[,] or some other authority purporting to construe it."

We disagree.  As we reasoned in our unpublished decision in *United States v. Alexander*,[21] the condition does not permit the probation officer, the BOP, or state sex offender registration agencies to "alter [Robles]'s substantive registration obligations.  It simply sets out who may issue him instructions related to his compliance with SORNA."[22]  While unpublished

_____

[19] *United States v. Morin*, 832 F.3d 513, 516 (5th Cir. 2016) (quoting *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014)).

[20] 18 U.S.C. § 3583(d).

[21] No. 21-11237, 2022 WL 3134226 (5th Cir. Aug. 5, 2022) (unpublished).

[22] *Id.* at *3; *see also United States v. Dailey*, 941 F.3d 1183, 1194-95 (9th Cir. 2019) (upholding same condition of supervised release because "[t]he court clearly directed [the defendant] to register as a sex offender under SORNA[, and t]hat federal probation officers

No. 25-10468

decisions issued on or after January 1, 1996 "are not precedent" except in limited circumstances in this circuit,[23] they "may be persuasive authority."[24] Though Robles argues *Alexander* is inapplicable because it considered this argument in the context of deciding whether an appeal waiver applied, we find it nonetheless "specifically reject[ed] an argument identical to the one raised here," and we view that decision as "highly persuasive."[25] We conclude the district court did not abuse its discretion in imposing this condition.

## B

Robles next argues that Special Condition Number Two, which makes him subject to sex offender treatment services that may include penile plethysmograph testing, is more intrusive than necessary. As Robles acknowledges, this argument is foreclosed in this circuit.[26]

## C

Finally, Robles challenges Special Condition Number Four as more intrusive than necessary as it relates to the viewing or possession of otherwise legal visual depictions of adults engaging in sexually explicit conduct.

---

or the local sheriff may later tell [the defendant] how to register properly in a given location is not a delegation of the Article III judicial power"); *United States v. Thomas*, 827 F. App'x 72, 76-77 (2d Cir. 2020) (unpublished) (upholding similar condition of supervised release).

[23] *See* 5TH CIR. R. 47.5.4.

[24] *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[25] *United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

[26] *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013); *see also United States v. Ybaben*, 809 F. App'x 253, 254 (5th Cir. 2020) (unpublished) ("The parties are also correct that *United States v. Ellis* forecloses Ybaben's challenge to the condition of his supervised release" "requiring him to participate in sex offender treatment that may include plethysmograph testing." (internal citation omitted)).

9

No. 25-10468

Generally, "[w]hen a defendant's crime is 'sexual in nature,' it is 'reasonable for the district court to restrict [the defendant's] access to sexually stimulating material more broadly in an effort to prevent future crimes or aid in his rehabilitation.'"[27]

Citing our decision in *United States v. Salazar*,[28] Robles first argues the condition may not be imposed because there is "no evidence that his consumption or access to other [obscene] material played any role in this or any past offense." Robles's contention is belied by the record. The PSR noted that "JD1 indicated the conversation between her[] and Robles . . . almost always resulted in her sending inappropriate videos to Robles which typically involved her masturbating." As explained above, these videos were part of Robles's preparation for the offense.[29] *Salazar* does not dictate the contrary. There, we held "the district court abused its discretion by not providing sufficient reasons to support the imposition" of the special condition where "[t]here d[id] not appear to be any evidence that [the defendant was] a repeat offender of sex crimes or that access to pornographic materials contributed to his original offense."[30] By contrast, here, Robles is a repeat offender with a prior conviction, the circumstances at issue involve three minor victims, and, as above, access to pornographic materials did contribute to his offense.

Robles next argues the condition is improper because "there is no evidence that the defendant's sexual interest in minors is 'intertwined with'

---

[27] *United States v. Abbate*, 970 F.3d 601, 605 (5th Cir. 2020) (second alteration in original) (quoting *Ellis*, 720 F.3d at 227).

[28] 743 F.3d 445 (5th Cir. 2014).

[29] *See supra* II.A.

[30] *Salazar*, 743 F.3d at 452-53.

his sexual interest in adults." We have previously upheld similar special conditions where the defendant's "interest in 'sexually stimulating' materials involving adults [wa]s intertwined with his sexual interest in minors,"[31] including where "videos seized from the defendant's residence depicted both nude adults and nude minors" and "images on [the defendant's] hard drive depict[ed] children engaging in sexual acts with adults."[32] While Robles did not possess pornography depicting both minors and adults, we have also "found a nexus between possession of legal adult pornography and child pornography" where the PSR "documented that [the defendant] owned numerous adult pornographic movies with titles suggestive of young participants."[33]

Similarly here, the PSR detailed Robles "was interested in teenage girls pretending to be younger children," leading him to provide one victim with pacifiers, a onesie, and baby food. Given Robles' interest in older individuals appearing younger, we find here "a nexus between possession of legal adult pornography and child pornography."[34] Indeed, the addendum to the PSR noted "this prohibition prevents a sex offender from continuing to engage in 'fantasy sex,' which often leads to high-risk behavior." In light of the foregoing, "[i]t is 'not difficult to infer' that [Robles]'s access to such materials could 'influence[] his subsequent behavior,' putting both his

---

[31] *United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011); *see also Abbate*, 970 F.3d at 606.

[32] *Abbate*, 970 F.3d at 606; *see also United States v. Brigham*, 569 F.3d 220, 233-34 (5th Cir. 2009) (upholding special condition where child pornography posted online by the defendant included depictions of minors engaged in sexual intercourse with adults).

[33] *Abbate*, 970 F.3d at 605-06 (internal quotation marks omitted).

[34] *Id.* at 605.

rehabilitation and the public at risk."[35]  We therefore hold the district court did not abuse its discretion by imposing this condition.

*    *    *

For the foregoing reasons, we AFFIRM Robles's sentence and conditions of supervised release.

---

[35] *Id.* at 606 (third alteration in original) (quoting *United States v. Sealed Juvenile*, 781 F.3d 747, 756 (5th Cir. 2015)).