# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30728

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAYMOND F. DOYLE, III,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-173-1

Before JONES, BARKSDALE, and COSTA, Circuit Judges.

PER CURIAM:[*]

Raymond Doyle pleaded guilty to production of child pornography. Pursuant to a Rule 11(c)(1)(C) agreement with the government that the district court accepted, Doyle was sentenced to a 30-year prison term and lifetime of supervised release. On appeal, the only arguments he adequately briefs contend that two of the conditions of release are unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30728

Doyle first challenges the requirement that he accept mental health treatment as directed by his probation officer. This argument is not ripe for review because his probation officer may never actually require him to undergo any such treatment. *See United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013). If the officer ever does require that treatment, at that time Doyle may petition the district court for a modification of the condition. *See id.* (citing 18 U.S.C. § 3583(e)(2)).

Our precedent also forecloses Doyle's contention that the district court plainly erred in imposing the internet restriction. As this argument was not raised below, Doyle must show plain error. Although we recently found an absolute, lifetime ban on internet use unreasonable, we distinguished in the same breath scenarios in which the defendant could access the internet with the approval of the court or a probation officer. *United States v. Duke*, 788 F.3d 392, 399–400 (5th Cir. 2015) (per curiam). Because Doyle's internet use is permitted if he obtains approval from his probation officer, he cannot show plain error. *See Ellis*, 720 F.3d at 225 (upholding special condition prohibiting man guilty of possessing child pornography from accessing the internet without the permission of the court).

The judgment is AFFIRMED.