# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2024

Lyle W. Cayce
Clerk

———————

No. 23-10735

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Tammy Walden Thomas,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-46-1

———————————————————————

Before King, Stewart, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Tammy Walden Thomas pleaded guilty, pursuant to a plea agreement, to wire fraud. She now appeals two provisions of that plea agreement. Because we conclude that there was no reversible error in the proceedings before the district court, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10735

## I. Factual & Procedural Background

Thomas was employed as a financial analyst at the North Texas Business Alliance ("NTBA"), headquartered in Dallas, Texas. NTBA negotiates discounts with national vendors and passes these savings onto its members in the form of rebates through Automatic Clearinghouse bank transfers. From March 2016 through October 2019, Thomas devised a scheme to misappropriate rebate funds from the NTBA. In February 2021, she was arrested for that scheme and indicted for wire fraud.

In September 2022, pursuant to a plea agreement, Thomas pleaded guilty to wire fraud. In signing that plea agreement, Thomas waived her right to appeal her conviction or sentence (the "appeal waiver"), but reserved her right to, among other things, "bring a direct appeal of [] a sentence exceeding the statutory maximum punishment."

Thomas's Presentence Investigation Report ("PSR") recommended two supervisory release conditions relevant to this case: (1) "[i]f the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction" (the "risk-notification condition"), and (2) "[t]he defendant shall not be employed in any fiduciary capacity or any position allowing access to credit or personal financial information of others, unless the defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer" (the "employment condition").

Thomas filed written objections to both conditions. She objected to the risk-notification condition "on impermissible vagueness and improper

2

No. 23-10735

delegation grounds"[1] and for unreasonably restricting her employment opportunities by "contemplat[ing] employer notification." She objected to the employment condition on grounds that it did not have a "reasonably direct relationship" to the offense and was not "reasonably necessary to protect the public."[2] Specifically, her objection stated that "requiring employer notification needlessly lumps in employers who opt out of running background checks with those that do and erects unnecessary barriers for Thomas to earn a respectable living post-imprisonment." She also contended that both conditions threatened to interfere with the court's duty under 18

---

[1] Thomas concedes that her argument that the risk-notification condition is an improper delegation of judicial authority is foreclosed by *United States v. Mejia-Banegas*, 32 F.4th 450, 452 (5th Cir. 2022) (holding that a "risk notification provision does not impermissibly delegate the court's judicial authority to the probation officer" because "the probation officer does not unilaterally decide whether the defendant is subject to the condition," but instead "only allows the probation officer to direct when, where, and to whom the defendant must give notice").

[2] In their entirety, the relevant sentencing guidelines for occupational restrictions as conditions of supervised release state that:

(a) The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:

(1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and

(2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

(b) If the court decides to impose a condition of probation or supervised release restricting a defendant's engagement in a specified occupation, business, or profession, the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public.

U.S.S.G. § 5F1.5.

U.S.C. § 3663A to impose a sentence that provides restitution to the victims of the offense.

At sentencing, Thomas again advanced her objection to the risk-notification condition on grounds of vagueness and improper delegation. She also renewed her objection to the employment condition, with her counsel stating that the "main issue with that condition is that it places upon Ms. Thomas an affirmative duty to disclose this conviction" to employers. Her counsel then asked the district court to modify the condition to remove that disclosure requirement. The district court, however, overruled those objections, sentenced Thomas to thirty-six months of imprisonment and two years of supervised release, and imposed the risk-notification and employment conditions as recommended in the PSR.

Thomas then filed a timely notice of appeal. After Thomas filed her initial brief on appeal, the Government moved to dismiss the appeal as barred by the appeal waiver. Thomas filed a response in opposition, arguing that her appeal falls within her reserved right under the plea agreement "to bring a direct appeal of [] a sentence exceeding the statutory maximum punishment." A separate panel of this court then denied the Government's motion to dismiss.

## II. Discussion

On appeal, the Government renews its position that the appeal waiver bars Thomas's appeal. Thomas again opposes the Government's position and renews her challenges to the risk-notification and employment conditions. Now, however, she also raises challenges to the employment condition on grounds of the district court imposing the sentence for more than "the minimum time and to the minimum extent necessary to protect the public," as stated in U.S.S.G. § 5F1.5(b); the condition being a "greater deprivation of liberty than is reasonably necessary," as prohibited by 18

No. 23-10735

U.S.C. § 3583(d)(2); and it not being narrowly tailored, as required by *United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015) (holding that certain conditions of supervised release must "be tailored to the individual defendant and may not be based on boilerplate conditions imposed as a matter of course in a particular district"). We address each of these arguments in turn.

### A. The Appeal Waiver

Thomas argues that her challenges to the risk-modification and employment conditions are exempt from the appeal waiver because the two conditions result in her having received "a sentence exceeding the statutory maximum punishment." The Government counters that: (1) her appeal does not fall within the statutory-maximum exception because the exception only refers to the length of the supervised-release term, as opposed to conditions of supervised release; (2) the case law[3] does not support Thomas's contentions that her appeal falls within the statutory-maximum exception; and (3) on their face, Thomas's claims do not concern whether the conditions fall within the statutory-maximum exception.

---

[3] *United States v. Higgins*, 739 F.3d 733, 738 (5th Cir. 2014) (holding that where a defendant "puts forth no argument that" a sentence is "in excess of the statutory maximum, his conditions-of-[supervised release] arguments fall within the appeal waiver"); *United States v. Scallon*, 683 F.3d 680, 681–84 (5th Cir. 2012) (holding that, based on a similar waiver provision with a statutory-maximum exception, the defendant "unequivocally waived" his right to appeal supervised-release conditions on the ground that those conditions were more restrictive than necessary); *United States v. Yiping Qu*, 618 F. App'x 777, 780 (5th Cir. 2015) (unpublished) ("The condition of supervised release that [the defendant] seeks to challenge, even if it is an unreasonable one [under 18 U.S.C. § 3583(d)], does not exceed a 'statutory maximum.'"); *United States v. Holzer*, 32 F.4th 875, 883 (10th Cir. 2022) (same).

For purposes of our analysis, we assume without deciding that the appeal waiver does not bar Thomas's claims. We therefore proceed to the merits of her arguments.

### B.  *The Risk-Modification Condition*

As discussed, the risk-modification condition states that "[i]f the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk." Thomas argues this condition is unconstitutionally vague because it fails to define what the terms "another person" or "risks" cover, thereby making the condition overbroad in requiring her "to comply with its broadest possible meaning to avoid a risk of revocation." She also argues the condition involves a "greater deprivation of liberty than is reasonably necessary for the purposes" of deterrence and protection of the public. To support her claim, she points to her minimal prior criminal history, advanced age, and compliance with court-ordered conditions of pretrial release.[4] The Government responds that the relevant terms are not vague or overbroad because they have commonsense definitions and Thomas's probation officer must provide her specific instructions regarding compliance. The Government also contends the district court had adequate support in the record to conclude that Thomas's risk of recidivism made the condition "reasonably necessary" under 18 U.S.C. § 3583(d)(2).

---

[4] Thomas also renews her claim that the employment condition is an improper delegation of judicial authority, but again correctly concedes this argument is foreclosed by *Mejia-Banegas*, 32 F.4th at 452.

Before reaching the parties' arguments, the court must first consider the jurisdictional question of whether Thomas's challenge to the risk-notification condition is ripe. "[A] court cannot assume that it has jurisdiction and proceed to resolve a case on the merits." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93–94 (1998)). And "ripeness" is an "essential component[] of federal subject matter jurisdiction." *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004). This court inquires into its jurisdiction even where, as here, the parties have not raised the issue. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) ("This [c]ourt must examine the basis of its jurisdiction, on its own motion, if necessary.").[5]

"A claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016) (internal quotation marks omitted). Challenges to conditions of supervised release are not ripe for appeal if it is a "matter of conjecture whether the requirements of the condition will take effect." *Id.* at 458–59 (internal quotation marks omitted) (holding that the defendant's challenge to a "special condition that [he] submit to up to one year of intermittent confinement at the direction of the [c]ourt pursuant to law" was not ripe).

Here, Thomas's challenges to the risk-notification condition are not ripe because it is a "matter of conjecture" whether the probation officer will require her to notify another person if she poses a risk. *See id.* Her probation

---

[5] The Government does mention in a footnote that in *United States v. Traficante*, 966 F.3d 99, 104 (2d Cir. 2020), the Second Circuit found a challenge not ripe to a similar condition of supervised release. The Government mentions that case, however, in response to Thomas's argument that the risk-notification condition is vague. It never argues that her challenge to the risk-notification condition in this case is not ripe.

officer may never determine she poses a risk to another person. And in the event the probation officer does determine Thomas poses a risk, the officer's decision to require her to give notice is still discretionary. Indeed, we have repeatedly held that challenges to conditions providing similar discretion to probation officers were not ripe for review until the officers determined the conditions would be imposed. *See, e.g.*, *United States v. Tang*, 718 F.3d 476, 485 (5th Cir. 2013) (holding that challenges to supervised release conditions were not ripe because their implementation was "not mandatory" and that such a challenge would be ripe only if the defendant were "in fact required to submit to [the] conditions"); *United States v. Ellis*, 720 F.3d 220, 224, 227 (5th Cir. 2013) (same); *United States v. Erwin*, 675 F. App'x 471, 473 (5th Cir. 2017) (unpublished) (same); *United States v. Doyle*, 671 F. App'x 276, 276 (5th Cir. 2016) (unpublished) (same). Thomas therefore "may petition the district court for a modification of [her] conditions" should the probation officer require her to notify another person about the risk she poses. *See Ellis*, 720 F.3d at 227; *Tang*, 718 F.3d at 485 ("If [s]he is in fact required to submit to [the] conditions . . . [s]he may then petition the district court for modification.").[6] Until then, however, her claim is not ripe.

---

[6] At oral argument, counsel for Thomas contended that petitioning for a modification would not provide her an adequate procedural vehicle to challenge the risk-modification provision. Her counsel observed that, unlike the mental-health treatments at issue in *Ellis* and *Tang*, once Thomas has disclosed she is a risk to another "she can't unring the bell" of that disclosure. According to counsel, Thomas would thus be forced either to violate the terms of her release or face irreparable harm by notifying another person she is a risk. Thomas, however, can petition the district court to modify the risk-notification petition immediately after the probation officer instructs her to disclose, thereby allowing her to resolve her challenges to the risk-notification provision before making any such disclosure.

Accordingly, we conclude that Thomas's challenges to the risk-notification condition are not currently ripe for review. We therefore dismiss them for lack of jurisdiction.

## C. *The Employment Condition*

As mentioned, the employment condition states that "[t]he defendant shall not be employed in any fiduciary capacity or any position allowing access to credit or personal financial information of others, unless the defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer." On appeal, Thomas renews her argument that the employment condition is inconsistent with U.S.S.G. § 5F1.5(a)(2). She also argues that the condition is inconsistent with U.S.S.G. § 5F1.5(b) and 18 U.S.C. § 3583(d)(2) and is not narrowly tailored under *United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015). We address each of these arguments in turn and reject them all.

### i.    *Standard of Review*

We review preserved challenges to supervised release conditions for an abuse of discretion. *United States v. Abbate*, 970 F.3d 601, 603 (5th Cir. 2020); *Gall v. United States*, 552 U.S. 38, 41 (2007). Unpreserved challenges are subject to review for plain error only. *Abbate*, 970 F.3d at 606; *Puckett v. United States*, 556 U.S. 129, 133–34 (2009). "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *Ellis*, 720 F.3d at 224–25.

### ii.    *Thomas's Objection Under U.S.S.G. § 5F1.5(a)(2)*

Thomas presented to the district court her objection that the employment condition is inconsistent with U.S.S.G. § 5F1.5(a)(2). Because she preserved this argument, we review it for an abuse of discretion. *See id.*

at 224. Under that standard, Thomas must show "the district court imposed conditions that are substantively unreasonable." *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). "That the appellate court might have reasonably reached a different conclusion does not justify reversal." *Gall*, 552 U.S. at 39. "[W]hen conditions relate to sentencing factors and are narrowly defined to achieve sentencing goals, and such conditions are reasonable, the district court does not abuse its discretion." *Rodriguez*, 558 F.3d at 413.

Thomas argues that the employment condition is inconsistent with U.S.S.G. § 5F1.5(a)(2) because there is no "reason to believe that, absent such a restriction, [she] will continue to engage in unlawful conduct." She claims that is because § 5F1.5 "does not contemplate that a single misuse of the defendant's position to commit an offense will justify an occupational restriction." Conversely, the Government argues that Thomas's repeated conduct over the course of several years leading to her conviction hardly qualifies as a "single misuse." On numerous occasions spanning three-and-half years, Thomas modified reports used by the NTBA to calculate rebate amounts owed to each member store resulting in a total theft amount of $1,472,672.72.[7]

Thomas has failed to show that the district court abused its discretion. The record supports the district court's reasoning that Thomas would likely "continue to engage in unlawful conduct" absent the employment condition. *See* U.S.S.G. § 5F1.5(a)(2). In support of this decision, the district court reasonably considered that Thomas had, over a three-and-half-year period,

---

[7] Thomas also argues that "[t]here must be additional evidence" beyond the offense of conviction "showing a risk of recidivism," but "the record [only] shows two 20-year-old hot checks and an anonymous note accusing the defendant of fraud at" another employer. The Government, however, correctly points out that Thomas "fails to cite any authority standing for such a proposition." We therefore determine there is no merit to her assertion.

used her position in a fiduciary capacity to steal $1,472,672.72 from her employer. As such, the district court reasonably concluded that the employment condition is necessary to protect any future employer that might place Thomas in a similar position of trust within two years of her release from prison.

Accordingly, we hold that the district court did not abuse its discretion by rejecting Thomas's challenge that the employment condition is inconsistent with U.S.S.G. § 5F1.5(a)(2).

### iii. *Thomas's Objections Under U.S.S.G. § 5F1.5(b), 18 U.S.C. § 3583(d)(2), and* United States v. Caravayo

We first consider whether Thomas preserved her objections to her conditions under U.S.S.G. § 5F1.5(b), 18 U.S.C. § 3583(d)(2), and *Caravayo* for appeal. We then analyze those objections under the appropriate standard of review.

### (A)    Preservation of Objections

Thomas urges that she preserved each of these claims by stating in her written objections to the PSR that the employment condition "erects unnecessary barriers for [her] to earn a respectable living post-imprisonment." That general statement, however, was not "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *See Ellis*, 720 F.3d at 224–25. The statement neither mentioned, nor alluded to the three separate legal grounds upon which Thomas now bases her arguments. *See Ellis*, 720 F.3d at 224–25. Furthermore, the language Thomas cites to from the PSR objection was given only as a reason against the condition requiring employer notification. Because Thomas now objects to the condition as a whole for reasons broader than its employer-notification requirement, the language she cites did not

provide to the district court "an opportunity for correction." *See Ellis*, 720 F.3d at 224–25.

Consequently, we hold that Thomas did not present to the district court her objections to the employment condition under U.S.S.G. § 5F1.5(b), 18 U.S.C. § 3583(d)(2), and *Caravayo* with the requisite specificity to preserve them for appeal. We therefore review those objections for plain error. *See Ellis*, 720 F.3d at 224–25.

### (B)    Applying Plain-Error Review

To show plain error, Thomas must point to (1) an error, (2) that was clear or obvious, rather than subject to reasonable dispute, (3) that affected her substantial rights, and (4) that has a serious effect on the fairness, integrity, or public reputation of judicial proceedings such that the reviewing court may exercise its discretion to remedy that error. *Id.* at 225; *Puckett v. United States*, 556 U.S. 129, 135 (2009). To demonstrate error under the first prong of this analysis, Thomas must show the district court "deviat[ed] from a legal rule" by imposing the employment condition. *Puckett*, 556 U.S. at 135. Thomas fails to show any such deviation because her three newly raised objections are each without merit. She therefore does not demonstrate plain error.

Regarding her first new objection, Thomas fails to show that the employment condition deviates from U.S.S.G. § 5F1.5(b). She argues that the condition has not been imposed "for the minimum time and to the minimum extent necessary to protect the public" because (1) "the record provides no reason to think a fully warned employer would be incapable of protecting itself from any risk posed by the defendant, such that Probation's approval would be necessary" and (2) the condition "lasts for the entirety of the defendant's supervised release, without expiring after some lesser probationary period." U.S.S.G. § 5F1.5(b). As the Government points out,

however, it is "necessary" for the probation officer to approve her future employment in order to protect any third party whose credit or financial information may be accessible to Thomas in her new position. And although the condition runs for the entirety of her supervised release, that is only two years following her release from prison. Furthermore, the condition is not an absolute ban, but only a requirement that Thomas receive prior approval from her probation officer and inform her employer of the past fraud leading to her conviction. Post-conviction, prior to sentencing, Thomas was even hired as a fraud analyst by another employer who was aware of her conviction. That job paid $5,000 per month, showing that employer notification and being gainfully employed are not mutually exclusive for Thomas. Because Thomas fails to show any error, she fails to meet her burden under plain-error review. *See Ellis*, 720 F.3d at 224–25.

Regarding her second new objection, Thomas has not shown the employment condition deviates from 18 U.S.C. § 3583(d)(2). She makes two separate arguments to this effect. The first argument focuses on the condition's restriction on her employment "in any fiduciary capacity." She argues that the phrase is either read literally and is thus overbroad—involving a "greater deprivation of liberty than is reasonably necessary" as prohibited under § 3583(d)(2)—or, alternatively, is impermissibly vague because it "does not provide any guidance about which" subset of fiduciary relationships it reaches. Reading the phrase in context, however, clarifies its narrower meaning. As the Government points out, the financial nature of Thomas's offense and the condition's language restricting her "access to credit or personal information of others" limit the fiduciary relationships that fall within the employment condition's ambit. Even if we concluded that they did not, Thomas's claim that the phrase "in any fiduciary capacity" either encompasses "every employment relationship" or "does not provide any guidance" is implausible. Her interpretations ignore that the phrase actually

modifies the types of employment the condition covers as a whole. Because Thomas fails to show any error, she cannot meet her burden under plain-error review. *See Ellis*, 720 F.3d at 224–25.

Thomas's second argument under 18 U.S.C. § 3583(d)(2) fares no better. She cites two out-of-circuit cases to argue that the employment condition "imposes a serious deprivation of liberty" by "act[ing] at cross-purposes" with the needs to reintegrate her into society and have her pay restitution. *See United States v. Holm*, 326 F.3d 872, 878 (7th Cir. 2003); *United States v. Sunday*, 447 F. App'x 885, 890 (10th Cir. 2012) (unpublished).[8] These cases are inapt. *Holm* concerned a supervised-release condition that was "intended to be a total ban on internet use." *Holm*, 326 F.3d at 877–78. *Sunday* concerned a condition that prohibited the defendant "from using or possessing a computer not authorized by his probation officer." *Sunday*, 447 F. App'x at 889. The restriction here merely limits the circumstances under which Thomas, a former financial analyst who used her position to commit wire fraud, can be employed in a position giving her access to the same sort of information she used to commit that fraud. This is a far narrower condition than those in *Holm* and *Sunday*, and will be a substantially lesser hindrance on Thomas's ability to reintegrate and pay restitution by seeking employment. Moreover, it is "reasonably necessary to deter Thomas and protect the public." Because Thomas fails to show any error, she again

---

[8] Although Thomas objected to the PSR on the grounds that the employment condition's employer-notification requirement interfered with the court's statutory duty to fashion a sentence that provided restitution to her victims, she did not do so to claim that the condition was a "greater deprivation of liberty than is reasonably necessary" as prohibited under § 3583(d)(2). She therefore did not provide the district court sufficient notice preserve the claim, and thus it is subject to plain-error review. *See Ellis*, 720 F.3d at 224–25.

cannot meet her burden under plain-error review. *See Ellis*, 720 F.3d at 224–25.

Regarding her third new objection, Thomas has not shown the employment condition deviates from *Caravayo*'s narrow-tailoring requirement.[9] Thomas claims the employment condition was not narrowly tailored because it was derived from "boilerplate" language with "no alteration." As the Government states, however, the condition's language is "nonetheless clearly applicable to Thomas—who used her position of trust and her access to another's financial information to steal more than $1.4 million."[10] And it further notes that this condition "is not an absolute ban; quite the contrary, it permits Thomas to work in a fiduciary capacity or in a position having access to someone else's financial information, if certain precautions are met." Because Thomas fails to show any error, she again fails to meet her burden under plain-error review. *See Ellis*, 720 F.3d at 224–25.

In sum, Thomas fails to show any "deviation from a legal rule" because her three newly raised objections are each without merit. *See Puckett*, 556 U.S. at 135. We therefore hold that the district court committed no error,

---

[9] Because the employment condition is not required by 18 U.S.C. § 3583(d), nor designated standard by U.S.S.G. § 5D1.3(c), it is a "special condition" that "must be tailored to the individual defendant and may not be based on boilerplate conditions imposed as a matter of course in a particular district." *United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015).

[10] Although other defendants might have claims that the same boilerplate condition is not narrowly tailored to fit their circumstances, for Thomas the condition "fit[s] like a glove."

let alone any plain error, by imposing the employment condition as part of Thomas's supervised release.[11]

## III. CONCLUSION

For the foregoing reasons, the conditions of Thomas's supervised release are AFFIRMED.

---

[11] Because Thomas has failed to show error for any of her new objections to the employment condition, she has also failed to show an abuse of discretion. *See United States v. Hill*, 63 F.4th 335, 355–57 (5th Cir. 2023) (holding that the defendant's claim "fail[ed] under either abuse of discretion or plain error review" when he did not demonstrate any error). We therefore would have reached the same resolution for this case even if she had preserved these claims.